948 So.2d 904 (2007)
HAINES CITY HMA, INC., d/b/a Heart of Florida Regional Medical Center, Appellant/Cross-Appellee,
v.
Tammi J. CARTER, Appellee/Cross-Appellant.
No. 2D06-1413.
District Court of Appeal of Florida, Second District.
February 9, 2007.
David J. Stefany and Brian Koji of Allen, Norton & Blue, Tampa, for Appellant/Cross-Appellee.
Mark F. Kelly and Melissa C. Mihok of Kelly & McKee, P.A., Tampa, for Appellee/Cross-Appellant.
CASANUEVA, Judge.
This appeal results from a lawsuit brought under the anti-retaliation provision of the Florida Civil Rights Act (FCRA).[1] Tammi J. Carter, a labor and delivery nurse, sued her employer, Haines City HMA, Inc., d/b/a Heart of Florida Regional Medical Center (the Hospital), alleging that she had been fired for filing a discrimination complaint. Following a trial, the jury found in favor of Ms. Carter and assessed $79,652 in back pay but no compensatory damages. The trial court awarded her the back pay as well as prevailing party attorney's fees, as provided in section 760.11(5), which it enhanced by a multiplier of 1.5, based on Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). On appeal, the Hospital raises three issues. First, it claims the trial court erred in denying it a directed verdict because Ms. Carter failed to produce sufficient evidence to support her claims. Second, it claims the court erred in awarding front pay[2] to Ms. Carter. Third, it claims that the court erred in enhancing the award of attorney's fees by using the 1.5 multiplier. We find no merit in the Hospital's first two contentions or in *906 Ms. Carter's cross-appeal[3] and affirm those issues without further discussion. We reverse the award of attorney's fees and remand for entry of a judgment for attorney's fees reflecting only the lodestar amount.
The Florida Legislature has determined that an award of attorney's fees is appropriate in FCRA actions and has shifted the responsibility for those fees to the nonprevailing party. Section 760.11(5) provides, in relevant part:
In any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. It is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action.
See also McCoy v. Pinellas County, 920 So.2d 1260, 1262 (Fla. 2d DCA 2006) (reversing an award of fees because the trial court did not interpret section 760.11(5) consistently with federal case law involving a Title VII civil rights action). Here, Ms. Carter was the prevailing party and the court, after a hearing, awarded her fees of $95,681.25. The trial court determined this amount by applying a multiplier of 1.5 to the stipulated lodestar fee amount of $63,788.50.
When interpreting a statute, legislative intent is the polestar of the inquiry. Cason v. Fla. Dep't of Mgmt. Servs., 944 So.2d 306, 312 (Fla.2006) (also stating that "such intent is derived primarily from the language of the statute"). In this instance, our legislature's language and intent could not be clearer. In interpreting the attorney's fees provision of section 760.11(5) consistent with federal case law, we note that since 1992, enhancement of an award of attorney's fees pursuant to federal fee-shifting statutes has been severely restricted. City of Burlington v. Dague, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992) (construing the fee-shifting provisions of the Solid Waste Disposal Act and the Clean Water Act and holding that enhancement for contingency of attorney fees awarded to the prevailing party is not permitted); see also First Fed. Sav. & Loan Ass'n of the Palm Beaches v. Bezotte, 740 So.2d 589, 591 (Fla. 4th DCA 1999) (stating that in Dague, the Supreme Court "effectively eliminated the application of contingency multipliers to fee awards made pursuant to a federal fee-shifting statute").[4]
In Dague, 505 U.S. at 558, 112 S.Ct. 2638, the Supreme Court considered whether the trial court could enhance the statutorily authorized fee award above the lodestar amount "to reflect the fact that the party's attorneys were retained on a contingent-fee basis and thus assumed the risk of receiving no payment at all for their services." The prevailing party in Dague argued that a reasonable fee for an attorney under this type of statute should go beyond the lodestar figure and "replicate the economic incentives that operate in the private legal market, where attorneys working on a contingency-fee basis *907 can be expected to charge some premium over their ordinary hourly rates." Id. at 562, 112 S.Ct. 2638.
Writing for the majority, Justice Scalia initially observed that "an enhancement for contingency would likely duplicate in substantial part factors already subsumed in the lodestar," id., such as the difficulty of proving the case. Considering that factor again "amounts to double counting." Id. at 563, 112 S.Ct. 2638. "Thus, enhancement for the contingency risk posed by each case would encourage meritorious claims to be brought, but only at the social cost of indiscriminately encouraging nonmeritorious claims to be brought as well. We think that an unlikely objective of the `reasonable fees' provisions." Id.
Dague has been applied consistently to preclude the use of a multiplier in attorney's fee awards pursuant to fee-shifting statutes. In an analogous suit against an employer, the Eleventh Circuit Court of Appeals examined the use of a multiplier in a Title VII gender discrimination case in McKenzie v. Cooper, Levins & Pastko, Inc., 990 F.2d 1183 (11th Cir.1993). In reversing the contingency enhancement portion of the award, the court relied upon Dague to state:
In June 1992, however, the Supreme Court determined that enhancement for contingency is not permitted under federal fee-shifting statutes. City of Burlington v. Dague, 505 U.S. 557, [561-63, 565-69], 112 S.Ct. 2638, 2641, 2643-44, 120 L.Ed.2d 449 (1992); see also Independent Federation of Flight Attendants v. Zipes, 491 U.S. 754, 758 n. 2, 109 S.Ct. 2732, 2735 n. 2, 105 L.Ed.2d 639 (1989) (holding that case law construing "reasonable" fees applies to all similar federal fee-shifting statutes). This holding effectively overruled Lattimore [v. Oman Construction, 868 F.2d 437, 439-40 (11th Cir.1989)]. We must therefore reverse the contingency enhancement granted by the district court.
McKenzie, 990 F.2d at 1186; see also Lanni v. N.J., 259 F.3d 146, 151 (3d Cir.2001) (contrasting the law of the federal Americans With Disabilities Act (ADA) and the New Jersey Law Against Discrimination (LAD), which "diverge on the question of the availability of multiplier enhancements for contingency of compensation. While there is no basis for such enhancements under the ADA, they are permissible under the LAD."); Moore v. United States, 63 Fed.Cl. 781, 789 n. 15 (Fed.Cl.2005) (accepting counsel's concession that a multiplier would not be appropriate under the statutory fee-shifting provisions of the Uniform Real Property Relocation Act but not deciding issue in the context of a common fund).
Based on Dague and its progeny, federal case law precludes the use of a multiplier to enhance an attorney's fee award in a Title VII case. Applying this federal case law as the Florida Legislature requires, § 760.11(5), we hold that the trial court erred in finding that Quanstrom, 555 So.2d 828, permitted the upward adjustment of the lodestar fee to compensate for the contingent nature of this employment discrimination case.
We concur with the following view expressed by the federal Seventh Circuit:
The United States Code and its implementing rules are the work of thousands of different actors over scores of years; consistency is not possible. But what this means is that all of these different systems could be thought rational solutions to the question "how much may plaintiffs be allowed to spend for legal services, how much of that must be paid for by the losing side, and how much of the cost of litigation will be covered by the public fisc?" Litigation produces benefits (and sometimes costs) for third *908 parties; it is to this extent a public good, and determining how much of a public good to supply (and at whose cost) is an intractable problem. The American Rule is a rational approach; the British loser-pays rule is a rational approach; asymmetric fee-shifting in § 1988 is a rational approach; asymmetric fee shifting plus compensation for the risk of loss in order to induce counsel to be indifferent between paying clients and chancy constitutional claims would be rational (and is used in common-fund cases, though not under statutes such as § 1988,) and fee caps such as the [Federal Tort Claims Act], the [Equal Access to Justice Act], and the [Prison Litigation Reform Act] also represent rational approaches. . . . These are simply different legislative solutions to an enduring problem; in a democracy, each of these options is open to the people's representatives.
Johnson v. Daley, 339 F.3d 582, 591 (7th Cir.2003) (citation omitted).
In section 760.11(5), the Florida legislature has mandated that the determinations of the federal judiciary shall govern Florida courts. Accordingly, a multiplier is inappropriate under the statutory fee-shifting provisions in this context. Therefore, we must strike the enhanced attorney's fee award to Ms. Carter. We remand with instructions to enter a reasonable attorney's fee in the lodestar amount of $63,788.50.
Affirmed in part, reversed in part, and remanded.
FULMER, C.J. and DAVIS, J., Concur.
NOTES
[1] § 760.10(7), Fla. Stat. (2003).
[2] "In cases in which reinstatement is not viable because of continuing hostility between the plaintiff and the employer or its workers, or because of psychological injuries suffered by the plaintiff as a result of the discrimination, courts have ordered front pay as a substitute for reinstatement." Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 846, 121 S.Ct. 1946, 150 L.Ed.2d 62 (2001).
[3] In her cross-appeal, Ms. Carter claims the trial court erred in reissuing its order denying the Hospital's renewed motion for directed verdict. The Hospital had claimed in its motion to vacate and reissue the order that its counsel did not receive a copy of the order in time to file an appeal due to misdirection on the mailing envelope.
[4] The question of Dague's applicability to common-fund cases remains unsettled. See Charles I. Friedman, P.C. v. Microsoft Corp., 213 Ariz. 344, 141 P.3d 824, 832 (2006) ("The majority view is that Dague's rationale for not using a multiplier in the fee-shifting context is inapplicable in the common fund context.").