989 So.2d 1258 (2008)
Tammi J. CARTER, Appellant,
v.
HEALTH MANAGEMENT ASSOCIATES, d/b/a Bartow Memorial Hospital, Appellee.
No. 2D07-4438.
District Court of Appeal of Florida, Second District.
September 12, 2008.
*1260 Mark F. Kelly, Robert F. McKee, and Melissa C. Mihok of Kelly & McKee, P.A., Tampa, for Appellant.
Hala Sandridge of Fowler White Boggs Banker, P.A., Tampa, and Denise L. Wheeler of Fowler White Boggs Banker, P.A., Fort Myers, for Appellee.
WALLACE, Judge.
Tammi J. Carter, the plaintiff in an action for employment discrimination against Health Management Associates, Inc. (HMA), appeals the circuit court's order that dismissed her complaint with prejudice for failure to state a cause of action under the Florida Civil Rights Act of 1992 (FCRA).[1] Ms. Carter alleged that HMA had unlawfully terminated her in retaliation for filing a charge of gender and pregnancy discrimination or for discussing this charge with a coworker. Because Ms. Carter's complaint against HMA stated a cause of action for retaliation under the participation clause of the FCRA, we reverse the circuit court's order and remand this case for further proceedings.

I. BACKGROUND

A. The Factual Background
In a previous case, Ms. Carter successfully sued HMA for retaliation under the *1261 FCRA because she was fired for filing a charge alleging gender and pregnancy discrimination against HMA.[2]Haines City HMA, Inc. v. Carter, 948 So.2d 904, 905 (Fla. 2d DCA 2007). After this court affirmed the money judgment in favor of Ms. Carter in that case, she filed the current complaint against HMA for retaliation under the FCRA.

B. The Complaint's Allegations
We begin by reviewing the allegations of Ms. Carter's complaint concerning her claim. Ms. Carter alleged that she had filed a charge of discrimination against HMA in 2003. Ms. Carter filed the charge based on her belief that she had been discriminated against because of her gender and pregnancy. After the Florida Commission on Human Relations (FCHR) notified HMA that it was closing its investigation regarding Ms. Carter's charge of discrimination, HMA terminated her. Ms. Carter then filed a second charge against HMA alleging retaliation. This charge alleged that she had been fired in retaliation for filing the first charge. Ms. Carter eventually sued HMA for retaliation in violation of the FCRA. In September 2005, a jury decided the first retaliation case in favor of Ms. Carter.
While the first retaliation case was pending, Ms. Carter worked as a registered nurse at Bartow Memorial Hospital. On April 1, 2005, HMA purchased Bartow Memorial Hospital. On the same day that it acquired the hospital, HMA terminated Ms. Carter again. Next, Ms. Carter filed a third charge against HMA in December 2005. The third charge alleged that HMA had terminated her in retaliation for (1) filing the first charge of gender and pregnancy discrimination or (2) discussing the first charge with a coworker at Bartow Memorial Hospital. The Equal Employment Opportunity Commission (EEOC) issued a notice of right to sue in November 2006. Ms. Carter then filed the current complaint initiating the second retaliation case.

C. The Motion to Dismiss
HMA filed a motion to dismiss Ms. Carter's complaint for failure to state a cause of action. The theory of HMA's motion was that Ms. Carter could not allege a retaliation claim under the FCRA because Florida law does not recognize a cause of action for pregnancy discrimination.[3] HMA relied heavily on the First District Court of Appeal's decision in O'Loughlin v. Pinchback, 579 So.2d 788 (Fla. 1st DCA 1991). In O'Loughlin, the First District concluded that a prior version of the FCRA[4] was preempted by Title VII of the Civil Rights Act of 1964 because the prior law did not include an explicit prohibition against pregnancy discrimination. Id. at 792. HMA also argued that several federal district courts have ruled that the FCRA does not prohibit pregnancy discrimination. HMA noted that when the legislature amended the FCRA in 1992, the year after O'Loughlin was decided, it did not amend the law to explicitly prohibit *1262 pregnancy discrimination. For these reasons, HMA requested that Ms. Carter's retaliation claim be dismissed because she could not allege "that she engaged in a protected activity that can serve as a basis for a retaliation claim."
The circuit court granted HMA's motion to dismiss because it found that pregnancy discrimination was not encompassed by the FCRA and, consequently, Ms. Carter could not allege a retaliation claim.

II. THE STANDARD OF REVIEW
Appellate courts apply the de novo standard when reviewing an order granting a motion to dismiss for failure to state a cause of action. Smith v. City of Fort Myers, 898 So.2d 1177, 1178 (Fla. 2d DCA 2005). For purposes of review, the appellate court must assume that the complaint's allegations are true. Id.

III. DISCUSSION

A. An Overview
The circuit court's order terminated Ms. Carter's action against HMA at the pleading stage. Thus our task is relatively straightforward  we must decide whether Ms. Carter's complaint stated a cause of action for retaliation under the FCRA.
In considering the issue of the sufficiency of Ms. Carter's complaint, we will briefly review section 760.10(7), Florida Statutes (2006), the FCRA's retaliation provision. Next, we will determine whether Ms. Carter's claim should be analyzed as an "opposition" claim or as a "participation" claim under this section. Because we conclude that Ms. Carter's complaint proceeds under the participation clause rather than the opposition clause of section 760.10(7), we will review the minimum requirements that must be alleged to state a cause of action under the participation clause. Our review of the complaint demonstrates that it met these minimum requirements. We conclude our discussion with a detailed examination of HMA's argument that the complaint did not state a cause of action for retaliation because discrimination based on pregnancy is not covered under the FCRA. For the reasons discussed below, we reject HMA's argument and conclude that the complaint was sufficient to state a cause of action for retaliation.

B. The FCRA's Retaliation Provision
The retaliation provision of the FCRA provides:
It is an unlawful employment practice for an employer ... to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.
§ 760.10(7). Because this provision of the FCRA is almost identical to its federal counterpart, 42 U.S.C. § 2000e-3(a), Florida courts follow federal case law when examining FCRA retaliation claims. Hinton v. Supervision Int'l, Inc., 942 So.2d 986, 989 (Fla. 5th DCA 2006); see Russell v. KSL Hotel Corp., 887 So.2d 372, 379 (Fla. 3d DCA 2004) (applying federal case law in an FCRA retaliation case). "[The FCRA's] retaliation provision [ ] specifically protect[s] two types of activity: opposition and participation." Hinton, 942 So.2d at 989-90. Here, Ms. Carter argues that she was protected under both the opposition and the participation clauses when she filed the initial charge of discrimination and when she discussed the initial discrimination charge with a coworker at Bartow *1263 Memorial Hospital.[5]

C. Ms. Carter Pleaded a Participation Claim
Ms. Carter contends that she stated a cause of action for retaliation under the opposition clause after she filed a charge with the FCHR. The FCRA's "opposition clause [protects] employees who have opposed unlawful [employment practices]." Ward v. Ortho Biotech Prods., L.P., No. 6:05-cv-1500-Orl-19KRS, 2007 WL 3379850, at *6 (M.D.Fla. Nov. 14, 2007) (citing Guess v. City of Miramar, 889 So.2d 840, 847 (Fla. 4th DCA 2004)). However, opposition claims usually involve "activities such as `making complaints to management, writing critical letters to customers, protesting against discrimination by industry or by society in general, and expressing support of co-workers who have filed formal charges.'" Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir.2000) (quoting Sumner v. U.S. Postal Serv., 899 F.2d 203, 209 (2d Cir.1990)). Cases involving retaliatory acts committed after the employee has filed a charge with the relevant administrative agency usually arise under the participation clause. E.E.O.C. v. Total Sys. Servs., Inc., 221 F.3d 1171, 1174 (11th Cir.2000); Croushorn v. Bd. of Trs., 518 F.Supp. 9, 21 (M.D.Tenn.1980). Accordingly, we will consider Ms. Carter's cause of action as a participation claim rather than as an opposition claim.
The FCRA's participation clause protects an employee from retaliation if he or she "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the FCRA]." § 760.10(7); Guess, 889 So.2d at 846. To state a cause of action for retaliation under the FCRA's participation clause, Ms. Carter was required to allege facts demonstrating that (1) she engaged in statutorily protected activity, (2) she suffered an adverse employment action, and (3) the adverse employment action is causally related to the protected activity. See Hyde v. Storelink Retail Group, Inc., No. 8:07-cv-240-T-30MAP, 2007 WL 1831683, at *3 (M.D.Fla. June 25, 2007) (citing Williams v. Motorola, Inc., 303 F.3d 1284, 1291 (11th Cir.2002)); Guess, 889 So.2d at 846. "`[T]he causal link requirement ... must be construed broadly; "a plaintiff merely has to prove that the protected activity and the [adverse] employment action are not completely unrelated."'" Guess, 889 So.2d at 846 (quoting Rice-Lamar v. City of Fort Lauderdale, 853 So.2d 1125, 1132-33 (Fla. 4th DCA 2003)).
HMA does not claim that Ms. Carter could not allege facts demonstrating the second and third elements of a retaliation cause of action. HMA instead focuses its attack against the complaint on the element of statutorily protected activity. Consequently, we will limit our discussion to (1) whether Ms. Carter alleged facts demonstrating that she engaged in statutorily protected activity and (2) whether the complaint was deficient because pregnancy *1264 may not be a protected status under the FCRA.

1. Minimum Allegations Required to State a Cause of Action Under the Participation Clause of the FCRA's Retaliation Provision
The FCRA's participation clause "protects proceedings and activities which occur in conjunction with or after the filing of a formal charge with the [FCHR]." E.E.O.C. v. Total Sys. Servs., Inc., 221 F.3d at 1174; see Hinton, 942 So.2d at 990. "[A]t a minimum, some employee must file a charge with the EEOC (or [the FCHR]) or otherwise instigate proceedings under the statute for the conduct to come under the participation clause." E.E.O.C. v. Total Sys. Servs., Inc., 221 F.3d at 1174 n. 2.
Unquestionably, Ms. Carter's complaint met this minimum requirement because her complaint alleged that she filed a claim with the FCHR in August 2003 when she was first employed by HMA. The charge of discrimination, the letter of determination, and the notice of right to sue, all of which were attached to the complaint, corroborate this allegation. Additionally, Ms. Carter could not have filed her previous lawsuit unless she had first filed a claim before the FCHR. See § 760.11; Haines City HMA, Inc., 948 So.2d 904 (affirming the money judgment in favor of Ms. Carter in her previous retaliation lawsuit). Because Ms. Carter alleged facts demonstrating that she had engaged in activity protected by the FCRA's participation clause, her complaint arguably met the minimum requirements for stating a cause of action for retaliation under the FCRA. Cf. Hinton, 942 So.2d at 990 (holding that an employer's motion for judgment notwithstanding the verdict should have been denied because the employee demonstrated that she had engaged in activity protected by the FCRA's participation clause when she filed a charge with the FCHR).

2. The Complaint Alleged a Cause of Action for Retaliation Based on an Objectively Reasonable Belief Concerning an Unlawful Employment Practice
Although Ms. Carter's complaint appears to meet the minimum requirements to state a cause action for a participation claim, that does not end the matter. HMA's rejoinder proceeds from its legal argument that pregnancy is not a protected status under the FCRA. Based on this premise, HMA argues that the complaint's allegations concerning Ms. Carter's participation in statutorily protected activity are deficient because pregnancy discrimination is not protected by the FCRA's retaliation provision. HMA contends that Ms. Carter's position impermissibly expands the reach of the statute to cover conduct that the legislature did not deem worthy of statutory protection. HMA warns that the logical conclusion of this approach to the FCRA would be to authorize Ms. Carter to "sue an employer under Section 760.10(7) who dismissed her after she brought a charge that the employer discriminated against her for wearing purple shoes." To be sure, such a result would be absurd. But Ms. Carter did not allege that her initial discrimination charge against HMA involved discrimination arising from her choice of footwear.
More to the point, even if the challenged employment practice is not unlawful under the FCRA, the recent trend in the federal courts is to allow a plaintiff to state a cause of action for retaliation under the participation clause if the facts demonstrate a basis for an objectively reasonable belief by the employee that his or her participation was directed against an unlawful employment practice. See, e.g., *1265 Wilson v. Farley, 203 Fed.Appx. 239, 247-48, 2006 WL 2578200 (11th Cir.2006); Mattson v. Caterpillar, Inc., 359 F.3d 885, 890-91 (7th Cir.2004); see also Deborah L. Brake, Retaliation, 90 Minn. L. Rev. 18, 79 n. 203 (2005) (noting that courts are beginning to apply the objective reasonableness requirement to claims brought under the participation clause). Under this approach, "a plaintiff must demonstrate both his [or her] subjective belief that his [or her] employer was engaged in unlawful employment practices and that his [or her] `belief was objectively reasonable in light of the facts and record presented.'" Wilson, 203 Fed.Appx. at 247 (quoting Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1312 (11th Cir.2002)). "The objective reasonableness of an employee's belief that [his or] her employer has engaged in an unlawful employment practice must be measured against existing substantive law." Clover v. Total Sys. Servs., Inc., 176 F.3d 1346, 1351 (11th Cir.1999).
Let us assume for the purpose of our discussion that the FCRA's retaliation clause includes a reasonableness requirement. If so, Ms. Carter's original belief that HMA had engaged in an unlawful employment practice was objectively reasonable when measured against the FCHR's interpretation of the FCRA on the issue of pregnancy discrimination. An administrative agency's "interpretation of a statute which it is charged with enforcing is entitled to great deference and will not be overturned unless it is clearly erroneous or contrary to legislative intent." Fla. Dep't of Revenue v. Fla. Mun. Power Agency, 789 So.2d 320, 323 (Fla.2001) (citing Donato v. Am. Tel. Tel. Co., 767 So.2d 1146, 1153 (Fla.2000)). The FCHR is authorized "[t]o receive, initiate, investigate, seek to conciliate, hold hearings on, and act upon complaints alleging any discriminatory practice, as defined by the [FCRA]." § 760.06(5). In the exercise of its role under the FCRA, the FCHR has taken the position that "[w]hile there is no specific prohibition against discrimination based on pregnancy in the [FCRA], pregnancy-based discrimination is prohibited by the [FCRA] within the context of `sex' discrimination." Bailey v. Centennial Employee Mgmt. Corp., F.C.H.R. Order No. 02-027 (Fla. Comm'n on Human Relations May 31, 2002), available at http://fchr.state.fl.us (search for "02-027"; then follow "FCHR Order No. 02-027" hyperlink); see Torres v. Sweet Tomatoes Rest., 23 F.A.L.R. 3383 (Fla. Comm'n on Human Relations 2001) (assuming that pregnancy discrimination is covered under the FCRA but finding no discrimination under the facts of the case); Pinchback v. St. Johns County Sheriff's Dep't, 7 F.A.L.R. 5369, 5371 (Fla. Comm'n on Human Relations 1985) ("`[t]ermination of employment because of pregnancy is a recognized discriminatory practice based on sex contrary to the [FCRA's predecessor]'" (quoting Schmermund v. Hygroponics, Inc., 3 F.A.L.R. 2210-A, 2211-A (Fla. Comm'n on Human Relations 1981))), aff'd, O'Loughlin, 579 So.2d 788. Thus the FCHR's interpretation of the FCRA provided ample support for an objectively reasonable belief by Ms. Carter that pregnancy discrimination was covered under the FCRA.
Judicial interpretations of the FCRA also support Ms. Carter's position on this point. The only Florida appellate decision addressing the issue of the applicability of the FCRA to pregnancy discrimination affirmed an administrative adjudication where the FCHR found the employer liable for unlawfully discriminating against an employee because of her pregnancy. O'Loughlin, 579 So.2d at 790. In response, HMA directs our attention to several federal district court decisions ruling that the FCRA excludes coverage for pregnancy discrimination. However, there *1266 are other district court decisions that rule in favor of such coverage. In fact, the district courts in Florida appear to be firmly split on this issue. Compare, e.g., Boone v. Total Renal Labs., Inc., 565 F.Supp.2d 1323 (M.D.Fla.2008) (concluding that the FCRA does not provide a cause of action for pregnancy discrimination), with, e.g., Wesley-Parker v. Keiser Sch., Inc., No. 3:05-cv-1068-J-25MMH, 2006 U.S. Dist. Lexis 96870, at *3 (M.D.Fla. Aug. 21, 2006) (finding that the FCRA covers claims of pregnancy discrimination). Granted, the issue of coverage for pregnancy discrimination under the FCRA has not been finally resolved by the Supreme Court of Florida. Nevertheless, when Ms. Carter filed her initial claim, the case law supported her objectively reasonable belief that HMA had engaged in an unlawful employment practice under the FCRA.
Ms. Carter's complaint met the minimum requirements for stating a cause of action for retaliation under the participation clause of the FCRA. Whether or not pregnancy discrimination is covered by the FCRA, Ms. Carter sufficiently alleged facts demonstrating that it was objectively reasonable for her to believe that she had been subjected to an unlawful employment practice under the FCRA. Therefore, her complaint adequately pleaded the first element of a retaliation claim. HMA does not challenge the sufficiency of the complaint to allege the second and third elements. For these reasons, the circuit court should have denied HMA's motion to dismiss. Finally, because Ms. Carter's lawsuit involved only a retaliation claim, we need not decide whether the FCRA in fact prohibits pregnancy discrimination.

IV. CONCLUSION
Ms. Carter's complaint stated a cause of action for retaliation under the FCRA's participation clause because she engaged in statutorily protected activity when she filed the pregnancy discrimination claim against HMA. Ms. Carter's belief that HMA had engaged in an unlawful employment practice was objectively reasonable when measured against existing substantive law. Thus the circuit court erred when it dismissed Ms. Carter's action with prejudice. Accordingly, we reverse the circuit court's order of dismissal and remand this case to the circuit court for further proceedings.
Reversed and remanded for further proceedings.
LaROSE, J., and CANADY, CHARLES T., Associate Judge, Concur.
NOTES
[1] §§ 760.01-.11, Fla. Stat. (2006).
[2] Ms. Carter's prior case was against Haines City HMA, Inc., a subsidiary of Health Management Associates, Inc. In this opinion, we will refer to both Haines City HMA, Inc., and Health Management Associates, Inc., as "HMA."
[3] At oral argument, we were informed that HMA did not raise this issue in the first retaliation case.
[4] The prior version of the FCRA was known as the "Human Rights Act of 1977." In 1992, the law was amended and renamed the "Florida Civil Rights Act of 1992." See ch. 92-177, §§ 1-14, at 1726-38, Laws of Fla.
[5] Ms. Carter has not addressed how her allegation that she was terminated from her employment in retaliation for having discussed her discrimination charge with a coworker at Bartow Memorial Hospital stated a cause of action under the FCRA. Accordingly, we deem any potential argument concerning the sufficiency of this allegation to state a cause of action under the FCRA to have been waived or abandoned for the purpose of this appeal. See City of Miami v. Steckloff, 111 So.2d 446, 447 (Fla. 1959); David M. Dresdner, M.D., P.A. v. Charter Oak Fire Ins. Co., 972 So.2d 275, 281 (Fla. 2d DCA 2008). Because this case must be remanded for further proceedings, on remand Ms. Carter may attempt to amend her complaint to plead facts sufficient to allege that discussing the initial charge with a coworker was an activity protected by the FCRA.