EN BANC

May, J.
The Palm Beach County School Board appeals an adverse judgment on a retaliation claim. It argues the trial court erred in its instruction to the jury on causation. We agree and reverse. Because this requires us to adopt a new standard on causation in line with the United States Supreme Court’s decision in University of Texas Southwestern Medical Center v. Nassar, — U.S. -, 133 S.Ct. 2517, 186 L.Ed.2d 503 (2013), and recede from our prior decision in Guess v. City, of Miramar, 889 So.2d 840 (Fla. 4th DCA 2004), we issue this opinion en banc.
*164 The plaintiff is of Vietnamese origin and worked in the Information Technology Department for over ten years under a series of annual contracts. She experienced hostile encounters with her supervisor, who eiiticized her accent and complained that she could not understand the plaintiff. This caused the plaintiff to email her supervisor and the Board of Directors about what she perceived as a hostile work environment.
The plaintiff never received a response from either her supervisor or the school board. But, soon thereafter she received a letter notifying her that her contract would not be renewed for the next school year. She was ordered not to report to work without explanation.
The plaintiff ultimately filed a Verified Second Amended Complaint, alleging three counts. The first count alleged three Florida Civil Rights Act [FCRA] violations for discrimination, a hostile work environment, and harassment, based on race and national origin. Count two alleged a FCRA violation for retaliation. Count three alleged a violation of the Florida Public Sector Whistleblower Act.
During the charge conference, the trial court ruled that the Eleventh Circuit Civil Pattern Jury Instructions (Civil Cases) and federal case law would be used to instruct the jury on the claim of race and national origin discrimination. There was no objection to this ruling. The school board then proposed the court follow the Eleventh Circuit Civil Pattern Jury Instruction 4.22 for the retaliation claim.
The plaintiff objected and asked the court to rely on Carter v. Health Management Assoc., 989 So.2d 1258 (Fla. 2d DCA 2008) and Guess to charge the jury on the retaliation claim. The court ruled that the Carter language of “not wholly or completely unrelated” together with the language from Eleventh Circuit Civil Jury Instruction 4.21, Retaliation 42 U.S.C. § 1981, would be given.
At trial, the court granted the school board’s motion for directed verdict on the hostile environment and harassment claims in count one and the count three whistle-blower claim. This left the discrimination based on race and national origin claim in count one and the count two retaliation claim for the jury’s determination.
The jury returned a verdict for the school board on the discrimination claim, but in favor of the plaintiff on the retaliation claim. The court entered final judgment awarding the plaintiff $206,000.
The school board moved for a new trial on the retaliation claim, arguing the trial court incorrectly instructed the jury on causation, which resulted in juror confusion and a miscarriage of justice. The trial court denied the school board’s motion for new trial. The school board now appeals.
The school board argues a new trial should be granted because the trial court should have insti-ucted the jury with the causation standard set forth in Nassar because the complaint alleged claims under Title VII, and not under 42 U.S.C. § 1981.
The plaintiff responds that the trial court was bound by the causation standards set forth in Carter and Guess. The plaintiff also argues that the school board acquiesced to using the Carter causation standard during the charge conference. The school board replies that it never stipulated to using the Carter causation standard, but only agreed to language once the court had ruled against the school board’s proposed instruction.
We have de novo review. D’Angelo v. Fitzmaurice, 863 So.2d 311, 313 (Fla. 2003).
“[A] long-standing rule of statutory construction in Florida recognizes that if a state law is patterned after a federal law *165 on the same subject, the Florida law will be accorded the same construction as given to the federal act in the federal courts.” State v. Jackson, 650 So.2d 24, 27 (Fla. 1995). We and other Florida districts have recognized that “[t]he FCRA is patterned after Title VII” and that “federal case law on Title VII applies to FCRA claims.” Guess, 889 So.2d at 849 n.2; see also Carter, 989 So.2d at 1262; Hinton v. Supervision Int’l, Inc., 942 So.2d 986, 989 (Fla. 5th DCA 2006); Russell v. KSL Hotel Corp., 887 So.2d 372, 379 (Fla. 3d DCA 2004). Any changes to federal case law on Title VII interpretation necessitates a change in the interpretation of the FCRA.
The U.S. Supreme Court changed the causation standard for Title VII retaliation claims in Nassar. There, the Court held that “[t]he text, structure, and history of Title VII demonstrate that a plaintiff making a retaliation claim under § 2000(e)3(a) must establish that his or her protected activity was a but-for-cause of the alleged adverse action by the employer.” Nassar, 133 S.Ct. at 2534 (emphasis added). “Title VII retaliation claims must be prove[n] according to traditional principles of but-for causation, not the lessened causation test” for status-based discrimination. Id. at 2533.
Because “Florida courts follow federal case law when examining FCRA retaliation claims[,]” this change to Title VII retaliation claims required a change to the causation standard for FCRA retaliation claims. Carter, 989 So.2d at 1262. The FCRA must be given the same construction as Title VII post-Aassar.
Nassar sounded the end of the “wholly unrelated” standard from Olmsted v. Taco Bell Corp., 141 F.3d 1457, 1460 (11th Cir. 1998). Olmsted had required the causal link under Title VII to “be construed broadly” and “ ‘a plaintiff merely ha[d] to prove that the protected activity and the negative employment action are not completely unrelated.’ ” Olmsted, 141 F.3d at 1460 (citation omitted).
Nassar requires Title VII retaliation claims to employ a “but-for” causation standard. That standard must be applied with equal force to FCRA retaliation claims.[1] We therefore recede from our pri- or precedent in Guess, which utilized the “wholly unrelated” standard from Olmsted. Guess, 889 So.2d at 843. The Guess causation standard is simply no longer valid after Nassar.[2]

Reversed and remanded for a new trial on the retaliation claim only.

Ciklin, C.j., Warner, Gross, Taylor, Damoorgian, Gerber, Levine, Conner, Forst, Klingensmith and Kuntz, JJ., concur.

. The school board alternatively argues the trial court erred in using Eleventh Circuit’s Civil Pattern Jury Instruction 4.21, modified to include the Guess language, instead of Jury Instruction 4.22. In light of our holding, Jury Instruction 4.22 correctly states the proper causation standard for retaliation claims under the FCRA.

. We note the trial court was required to instruct the jury on the Guess "wholly unrelated” causation standard at the time of trial based on the existing case law from this court. See Bunn v. Bunn, 311 So.2d 387, 389 (Fla. 4th DCA 1975) ("[A]n appellate court’s decision on issues properly before it and decided in disposing of tire case, are, until overruled by a subsequent case, binding as precedent on courts of lesser jurisdiction.”).