# Third District Court of Appeal
## State of Florida

Opinion filed May 14, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0644
Lower Tribunal No. 22-5847-CA-01
_____

**Katie Kiernan,**
Appellant,

vs.

**ReviveMD305, LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Jay M. Levy, P.A., and Jay M. Levy; Sturm Law PLLC, and Charles Sturm (Houston, TX), for appellant.

Littler Mendelson, P.C., and Aaron Reed and Miguel A. Morel, for appellee ReviveMD305, LLC.

Before EMAS, LINDSEY and LOBREE, JJ.

EMAS, J.

## INTRODUCTION

Katie Kiernan, the plaintiff below, appeals a final summary judgment entered in favor of defendant ReviveMD305, LLC ("Revive") on Kiernan's counterclaim for retaliation under the Florida Civil Rights Act ("FCRA"). We affirm, and hold that the trial court properly entered summary judgment in favor of Revive.

## BACKGROUND AND PROCEDURAL HISTORY

In January 2021, Kiernan was hired by Nue Life as a "Founding Team Member," whose primary duty was "Operations and Product Design." The parties also executed a Stock Purchase Agreement, by which Kiernan was permitted to purchase 500,000 shares of Nue Life stock, but which gave Nue Life the option to repurchase the shares if Kiernan's employment was terminated.

On November 22, 2021, Kiernan's employment was terminated. Thereafter, Nue Life sued to enforce the Stock Purchase Agreement. Kiernan counterclaimed, asserting she was fired in retaliation for complaining about sexual harassment she suffered at the hands of a friend of Kiernan's boss, which occurred during a work event.

Count I of her counterclaim asserted a claim against Nue Life for violation of the Florida Civil Rights Act's ("FCRA") anti-retaliation provision,

section 760.10, Florida Statutes (2021). She later amended Count I of the counterclaim, added Revive as a third-party defendant to that claim,[1] and voluntarily dismissed the other counts, leaving the retaliation count as her sole claim.

Revive and Nue Life asserted, as an affirmative defense, that the termination of Kiernan's employment was not an act of retaliation. Following discovery, Revive moved for summary judgment, contending Kiernan could not establish a prima facie case of retaliation under FCRA, and that there were legitimate, non-retaliatory reasons for terminating her employment. Revive attached several documents in support of its motion for summary judgment.

Kiernan responded to the motion for summary judgment, asserting that none of Revive's assertions were accurate. Kiernan also attached several documents in opposition to Revive's summary judgment motion.

After a hearing on February 2, 2024, the trial court granted summary judgment in favor of Revive on Kiernan's counterclaim for retaliation.[2] The

---

[1] Kiernan alleges that she was jointly employed by, and received compensation from, ReviveMD and Nue Life Health, Inc.

[2] Nue Life has not appeared in this appeal or filed a brief, and the status of any further proceedings in the trial court as between Nu Life and Kiernan are unclear. Nevertheless, we have jurisdiction in this appeal because the order on appeal disposed of the entire case as to defendant Revive. See Fla. R.

3

trial court's order expressly states that "ReviveMD's Motion for Summary Judgment is GRANTED" and that "final summary judgment is hereby entered in favor of ReviveMD on Count I of the Second Amended Counterclaim."  In its nineteen-page summary judgment order, the trial court addresses only the summary judgment motion filed by Revive.  In fact, there is nothing in the record to indicate that Nue Life even filed a motion for summary judgment, much less that the trial court adjudicated the merits of any such motion. Nevertheless, the last page of the order on appeal contains the following language:

> Final Order as to All Parties SRS #: 12 (Other)
> **THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.**

Kiernan did not file a motion for rehearing, or seek clarification on whether the above language intended to dismiss the case as to Nue Life.[3]

---

App. P. 9.110(k) (partial final judgment disposing of entire case as to a party is appealable as a partial final judgment).

[3] Because Kiernan failed to file a motion for rehearing or otherwise preserve this question below, we do not address it on appeal.  See Topvalco Inc. v. Wolff, 358 So. 3d 747 (Fla. 4th DCA 2023) (affirming trial court order where issue raised on appeal was not preserved below, holding: "Where an error appears for the first time on the face of the order, a litigant must move for rehearing, to vacate, or for relief from judgment to bring the error to the attention of the lower tribunal." (citing Pensacola Beach Pier, Inc. v. King, 66

This appeal followed, and we review de novo the trial court's order granting summary judgment. Brownlee v. 22nd Ave. Apts., LLC, 389 So. 3d 695 (Fla. 3d DCA 2024).

**ANALYSIS AND DISCUSSION**

Kiernan raises several issues on appeal, asserting that the trial court: (1) employed the incorrect summary judgment standard; (2) erred in finding that Kiernan failed to demonstrate a prima facie case of retaliation under the FCRA; (3) erred in finding Revive met its burden of demonstrating her employment termination was legitimate and not retaliatory; and (4) erred in finding there was no evidence of pretext.

**Application of the Summary Judgment Standard**

As always, "[s]ummary judgment is appropriate where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Brownlee, 389 So. 3d 695, 698

_____

So. 3d 321, 324 (Fla. 1st DCA 2011))); see also Michael A. Marks, P.A. v. Geico Gen. Ins. Co., 332 So. 3d 11, 12 (Fla. 4th DCA 2022).

Nevertheless, if in fact the trial court's order served as a sua sponte dismissal of Kiernan's claim against Nue Life, Kiernan may attempt to seek relief in the trial court. We express no opinion on whether the trial court's order intended to (or in fact did) serve as a dismissal of Kiernan's claim against Nue Life.

5

(citing <u>Ibarra v. Ross Dress for Less, Inc.</u>, 350 So. 3d 465, 467 (Fla. 3d DCA 2022) (cleaned up)).

> Where "the nonmoving party bears the burden of proof on a dispositive issue at trial, the moving party need only demonstrate 'that there is an absence of evidence to support the nonmoving party's case.' " <u>Rich v. Narog</u>, 366 So. 3d 1111, 1118 (Fla. 3d DCA 2022) (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)) (footnote omitted). "[O]nce the moving party satisfies this initial burden, the burden then shifts to the nonmoving party to 'make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" <u>Id.</u> (quoting <u>Celotex</u>, 477 U.S. at 322, 106 S.Ct. 2548). "Specifically, it is incumbent upon the nonmoving party to come forward with evidentiary material demonstrating that a genuine issue of fact exists as to an element necessary for the non-movant to prevail at trial." <u>Id.</u>

<u>Brownlee</u>, 389 So. 3d at 698.

As the trial court noted in its summary judgment order, "the correct test for the existence of a genuine factual dispute is whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>In re Amends. to Fla. R. Civ. P. 1.510</u>, 317 So. 3d 72, 75 (Fla. 2021).

In this case, Kiernan bore the burden of proof on her retaliation claim; thus, Revive, as the movant, was initially required to demonstrate an absence of evidence to support the non-movant's (Kiernan's) case. If Revive succeeded in this showing, the burden shifted to Kiernan to present

6

"evidentiary material demonstrating that a genuine issue of fact" did exist on an element of her retaliation claim. Id.

In its order granting summary judgment, the trial court found that Revive met its burden of demonstrating that there was no material fact in genuine dispute which would support Kiernan's retaliation claim. This is sufficient under the current summary judgment standard in Florida to satisfy the initial burden.

Kiernan challenges one statement in the "Legal Standard" section of the order on appeal which reads: "Uncorroborated and self-serving speculation cannot defeat summary judgment. See, e.g., U.S. v. Stein, 2018 WL 5931156, at *4 (S.D. Fla. Oct. 23, 2018) (citations omitted)." Kiernan argues that the trial court cannot simply ignore "self-serving" statements and that, to the extent it did so, it was error. However, there is nothing in the remainder of the trial court's thorough and well-reasoned order which suggests that the trial court ignored anything submitted by Kiernan, "self-serving" or otherwise. In fact, the trial court addressed every material evidentiary aspect of Kieran's case and explained why, individually and collectively, it was insufficient to overcome Revive's motion for summary judgment. We find no error in the trial court's application of the summary judgment standard and procedure.

## The Merits Determination on Summary Judgment

On the merits of the summary judgment entered in favor of Revive on Kiernan's retaliation claim, we conclude the trial court correctly found that Revive met its initial burden of demonstrating there was no genuine dispute as to any material fact that would support Kiernan's retaliation claim, and that Kiernan failed to satisfy her corresponding burden to avoid summary judgment.

Under section 760.10(7), Fla. Stat. (2024), "It is unlawful employment practice for an employer . . . to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section. . . ." To establish a prima facie case of retaliation under this section, Kiernan was required to demonstrate that (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) that the adverse employment action was causally connected to the protected activity. See Buade v. Terra Grp., LLC, 259 So. 3d 219, 222 (Fla. 3d DCA 2018); Carter v. Health Mgmt. Assocs., 989 So. 2d 1258, 1263 (Fla. 2d DCA 2008).

The "statutorily protected activity" Kiernan claims to have engaged in was advising her boss that her boss' friend made sexualized comments to her at a work event attended by both Kiernan and Kiernan's boss. Kiernan

8

told her boss that the comments made by the boss' friend were "gross" and "awful." Kiernan asserts that, in response, her boss "rolled his eyes," and that she then left the work event.

Opposing sexual harassment by reporting it to an employer may qualify as statutorily protected activity, see Vill. of Tequesta v. Luscavich, 240 So. 3d 733 (Fla. 4th DCA 2018), but a plaintiff-employee must show that she "had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." Hunsaker v. Found. Partners Grp., LLC, No. 6:18-cv-1996-Orl-22DCI, 2020 WL 10355118 at *10 (M.D. Fla. 2020). "The opposition must be directed at an unlawful employment practice of an employer, not an act of discrimination by a private individual." Little v. United Techs., 103 F. 3d 956, 959 (11th Cir. 1997) (citation omitted).

In addition, the "plaintiff must show both that: (1) she subjectively believed her employer engaged in an unlawful practice, and (2) that this belief 'was objectively reasonable in light of the facts and record presented.'" Small v. City of Hollywood, 661 F.Supp.3d 1187, 1202-03 (S.D. Fla. 2023) (noting "complaints about single instances of 'uncalled for, ugly, racists statements' are not the kind of activity protected by Title VII." (citation omitted)).

9

The record evidence, viewed in a light most favorable to Kiernan, was that her boss' friend made inappropriate, sexualized comments to Kiernan at a private work event hosted by Revive; that Kiernan's boss, Juan Pablo Cappello, was present when those comments were made by his friend; and that Kiernan left the party, telling her boss that his friend's comments were "gross and awful." No further contact occurred between Kiernan and her boss' friend, no other inappropriate behavior or comments were made to her by anyone else, and Kiernan lodged no further complaints.

**CONCLUSION**

The trial court correctly determined that, as a matter of law, Kiernan could not establish a prima facie case of retaliation because even if Kiernan subjectively believed that Revive was engaged in an "unlawful employment practice", such belief was not objectively reasonable in light of the facts and record presented. As such, summary judgment was properly entered in favor of Revive on Kiernan's counterclaim for retaliation, and we need not reach the remaining issues raised on appeal.

Affirmed.