WALDEN, Chief Judge.
Petitioners appeal an order which dismissed their petition for certiorari upon the ground that they were not proper parties to bring the action.
This cause had its genesis in the denial, by the Assistant City Engineer of the City of Pompano Beach, of a permit to erect a gasoline filling station. An appeal from this denial was taken to the zoning board of appeals. It approved the permit for the gas station, thereby granting a variance from the zoning laws of the city.
Petitioners, the City of Pompano Beach, the city manager and the five city commissioners, alleged standing to challenge the action of the zoning board of appeals in the circuit court under Section 227 of the Charter of the City of Pompano Beach, Chapter 57-1754, Laws of Florida, Special Acts of 1957, as well as under Section 176.16, F.S.1965, F.S.A.
Section 176.16, F.S.1965, F.S.A.,[1] provides that three classes of persons may appeal from a decision of a board of adjustment : aggrieved persons, taxpayers, or any *53 officer, department, board or bureau of the governing body of the municipality.
Section 227 of the charter, adopted subsequent to chapter 176, provides:
“Any person or persons jointly or severally, aggrieved by any decision of the Zoning Board of Appeals, may appeal to a court of record and proceed as provided in Chapter 176, Florida Statutes, 1955.”
Petitioners alleged standing as persons aggrieved under both acts, and as taxpayers and officers of the governing body under section 176.16.
The trial court dismissed the petition for certiorari, holding that section 176.16 was inapplicable, and holding additionally that petitioners were not persons aggrieved within the meaning of Section 227 of the Charter of the City of Pompano Beach.
We reverse.
In his order, the trial judge held that the legislature, by enacting the Pompano Beach Charter, chose to include persons aggrieved but to exclude taxpayers and officers of the municipality’s governing body from those given standing to challenge decisions of the zoning board of appeals. In effect, he ruled that Section 227 of the Charter of the City of Pompano Beach had superseded section 176.16 of the general laws.
The Supreme Court, in Southern Bell & Telephone & Telegraph Co. v. Town of Surfside,[2] observed:
“ * * * It is of course true that general law can be superseded or effectively repealed by subsequently enacted special or local law. However, this is only true when the subsequently enacted statute either expressly so provides or is so inconsistent with existing general law as to constitute an implied repeal thereof.” (Citations omitted.) [3]
The special act (charter) which was enacted subsequent to section 176.16 did not expressly provide for repeal of the general law on the subject. To the contrary, section 5 of the charter provided, in part, that:
“The city shall have the powers, functions and immunities granted to municipal corporations by the constitution and general laws of this state, as now or hereinafter existing, together with the implied powers necessary to carry into execution all the powers granted. The enumeration of particular powers by this charter shall not be deemed to be exclusive * *
(Emphasis added.)
This indicates a legislative desire to provide an alternate, rather than exclusive, vehicle by which one might test the legality of decisions of a board of adjustment or zoning board of appeals.
Validity is added to this construction by Section 176.24, F.S.1965, F.S.A., which provides :
“This chapter shall not be construed to have the effect of repealing, impairing, or modifying any general or special law granting any like or similar powers to any municipality in the state, but the powers herein granted shall be supplemental and cumulative.” (Emphasis added.)
Had the charter provision been intended to limit the legislative grant of section 176.16, the term “aggrieved persons” could easily have been modified by the word “only” or some other clearly restrictive term.
We conclude that there is no inherent inconsistency between the general law and the charter provision involved.
Petitioners have alleged sufficient facts to confer standing as proper parties as taxpayers and as officers of the municipality involved under section 176.16. Therefore, we reverse and remand with instructions to consider their petition on its merits.
Reversed and remanded with instructions.
McCAIN, J., and BEASLEY, THOMAS D., Associate Judge, concur.

. “Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment, or any taxpayer, or any officer, department, board or bureau of the governing body of said municipality, may present to a circuit court a petition for issuance of a writ of certio-rari, duly verified, setting forth that such decision is illegal * *

. Fla.1966, 186 So.2d 777.

. Id. at p. 779.