216 So.2d 258 (1968)
Carl A. ROSE and Eileen Rose, and Rose Construction Company, a Florida Corporation, Appellants,
v.
TOWN OF HILLSBORO BEACH, a Municipal Corporation, Appellee.
No. 1923.
District Court of Appeal of Florida. Fourth District.
December 10, 1968.
James J. Linus, of McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellants.
Russell B. Clarke, of Clarke & O'Brien, Pompano Beach, for appellee.
WALDEN, Chief Judge.
This is an appeal from a declaratory judgment which construed ordinance No. 68 of defendant, Town of Hillsboro Beach. The portion construed, Article 6, Section 3, is entitled "Height Regulations" and provides in part:
"* * * No building shall exceed ten (10) stories in height. This provision shall not apply to necessary service and mechanical appurtenances or their appropriate housing."
As a point of beginning, the Town's ordinance did not define "necessary service and mechanical appurtenances or their appropriate housing." It did not specify where such items were to be located in the building; nor did it provide any specific size, area or space limitation or criteria for the establishment of the same. For as much as the ordinance provides, service and mechanical appurtenances and housing could be located anywhere in the building and occupy as much space as necessary.
A "story" is defined by this ordinance as: "That portion of a building * * * included between the surface of any floor and the surface of the floor next above it, *259 or, if there be no floor above it, then the space between the floor and the ceiling next above it."
Omitting historical background, plaintiffs had been granted a building permit for erection of a building consisting of eleven stories in height under the above definition. This building is in the advanced stages of construction. The bottom or ground floor contains and consists of a parking area, mechanical appurtenances, and a service apartment. The top, or eleventh story, consists of a penthouse which occupies something less than one-quarter of the area of the floor below it.
While the building was under construction, plaintiffs applied to defendant for permission to add a second penthouse to the eleventh floor. The total area of both penthouses, plus the elevator housing also located atop the structure, was estimated at forty-one percent of the area of the floor below.
When defendant refused to issue the permit, plaintiffs asked the circuit court for a declaratory decree. The court adjudged:
"* * *.
"2. That although the ground floor of an apartment building may be devoted to service and the parking of automobiles, this does not entitle the builder to exclude the parking and service floor in determining the height of the building as contemplated by the height limitations of Article 6, Section 3, of Ordinance No. 68.
"3. The Court further finds that the last sentence of Section 3, Article 6, of Ordinance No. 68 applies only `to necessary service and mechanical appurtenances or their appropriate housing' from the tenth floor up." (Emphasis added.)
On petition for rehearing, it was further found:
"* * *.
"2. That the Court herein modifies the final judgment to include a finding, supported by the weight of the evidence, that the ground floor of the apartment building was used only for a service apartment, service parking area, and mechanical appurtenances."
It was concluded that defendant was correct in denying plaintiff's application for permission to erect the second penthouse on the eleventh floor. We reverse.
As we read and paraphrase, the trial court agreed that the ground or first floor of the building was indeed used for a service apartment, service parking area, and mechanical appurtenances. We would conclude that this comes within the ordinance's exception to the effect that the height limitation shall not apply to "necessary service and mechanical appurtenances or their appropriate housing." However, the trial court refused to grant or follow this exception and held that it was only applicable "from the tenth floor up." In other words, the trial court read into the ordinance a specification that such service facilities could only be located from the tenth floor up. We disagree and can find no basis for the view expressed.
Municipal ordinances are subject to the same rules of construction as are state statutes.[1] Hence, the general rule applies that the courts may not insert words or phrases into an enactment in order to express a speculative intention unless it clearly appears that the omission was inadvertent.[2]
We think that reasonable and necessary service facilities are excepted from the height limitation under this ordinance as written. In the absence of any more *260 restrictive language, such facilities may be located on the ground floor as contended by the owners. If the Town wished the ordinance exception to apply only when such facilities are located from the tenth floor up, it could have so provided, a simple assignment in draftsmanship.[3]
Secondly and simplistically, the Town had already in fact, and according to the definition of a "story", permitted and approved the erection of an eleven story building. The height limitation had been pierced. Thus, the instant application was for horizontal expansion, a move not controlled or affected by the instant ordinance.
The judgment is reversed and the cause remanded with instructions that a judgment be entered requiring defendant Town to issue the permit in question.
Reversed.
CROSS and OWEN, JJ., concur.
NOTES
[1] See 23 Fla.Jur., Municipal Corporations, § 105.
[2] Armstrong v. City of Edgewater, Fla. 1963, 157 So.2d 422; Haworth v. Chapman, 1933, 113 Fla. 591, 152 So. 663; In re Estate of Jeffcoat, Fla.App. 1966, 186 So.2d 80. See also City of Pompano Beach v. Zoning Board of Appeals, Fla. App. 1968, 206 So.2d 52.
[3] City of Pompano Beach v. Zoning Board of Appeals, Fla.App. 1968, 206 So.2d 52.