Ronald R. Richmond Chairman House Subcommittee on Alcoholic Beverages and Tobacco Tallahassee
QUESTION:
Does s. 561.342(3), F. S., prohibit a municipality from imposing a license tax on the business of warehousing and storing alcoholic beverages?
SUMMARY:
Although this office may not rule officially on the validity of municipal ordinances, no general law authorizes a municipality to levy a license tax on the warehousing and storage of alcoholic beverages as a business. In fact, the beverage law under which Florida operates specifically states that no license or excise tax shall be imposed by any municipality on, among other things, the distribution of alcoholic beverages. Distribution seems to be an integral part of the storage and warehousing of alcoholic beverages.
You stated that the purpose of your request is to determine the proper level of state license taxes to be imposed upon those engaging in the sale of alcoholic beverages, pursuant to your duties as Chairman of the Subcommittee on Alcoholic Beverages and Tobacco of the Committee on Regulated Industries and Licensing.
Under ss. 1(a) and 9(a) of Art. VII, State Const., a municipality must be authorized by general law to levy any tax other than ad valorem taxes. Section 1(a) of Art. VII provides:
 No tax shall be levied except in pursuance of law. No state ad valorem taxes shall be levied upon real estate or tangible personal property. All other forms of taxation shall be preempted to the state except as provided by general law. (Emphasis supplied.)
And, s. 9(a) of Art. VII provides:
 Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes . . . . (Emphasis supplied.)
Section 205.042, F. S., provides general law authorization to municipalities to levy `an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction.' However, s. 561.342(3), F. S., sets forth the following prohibition or preemption:
 No tax on the manufacture, distribution, exportation, transportation, importation, or sale of such beverages shall be imposed by way of license, excise, or otherwise by any municipality, anything in any municipal charter or special or general law to the contrary notwithstanding. (Emphasis supplied.)
The above-quoted language in s. 561.342(3) carries the plain and obvious meaning that a municipality may not impose a license tax on the distribution of alcoholic beverages, and certainly appears to have been intended as an exception to the license tax authority granted municipalities by s. 205.042.
A brief look at the history of the provision now contained in s.561.342(3), F. S., reinforces this conclusion. This prohibition against a municipality's levy of license and other taxes on the sale, distribution, etc., of alcoholic beverages was previously contained in s. 561.36(1)(b), F. S., but was followed by the phrase, `except as herein expressly authorized.' (Emphasis supplied.) Section 561.36(1)(a) authorized the levy of a municipal license tax in a fixed amount, thus implementing the phrase `except as herein expressly authorized' in s. 561.36(1)(b).
In 1971, however, the Legislature enacted Ch. 71-361, Laws of Florida, which repealed s. 561.36, F. S., and created s. 561.342, F. S. As part of that act, the language previously contained in s. 561.36(1)(b) was reenacted as s. 561.342(3), F. S., but without the phrase `except as herein expressly authorized.' By that deletion, the language in question became a flat prohibition or preemption, with no exceptions. In conjunction with these changes, and in lieu of the repealed authorization for the levy of a municipal license tax, the Legislature established a procedure (set forth in s. 561.342(2), F. S.) whereby a percentage of thestate license taxes on the alcoholic beverage business is returned to the appropriate municipality. This revenue-sharing procedure clearly appears to have been intended by the Legilsature as a substitute for the previous system which had authorized a separate municipal license tax.
As to the meaning of `distribution' in s. 561.342(3), F. S., I can only state that the storage and warehousing of alcoholic beverages appears on its face to be an integral and inseparable, if not predominant, element of `distribution' as that term is used in s.561.342(3). However, you may wish to consider amending s.561.342(3) to add some term such as `storage' or `warehousing' so as to eliminate any question which might be raised as to the scope of the prohibition or preemption contained in that subsection.
Notwithstanding all of the above comments and analysis, I must also state that I cannot rule or officially comment on the validity of any particular ordinance of a municipality or tax levied by municipal ordinance. As is the case with state statutes, validly adopted municipal ordinances are entitled to a presumption of validity and constitutionality until the courts rule otherwise. Shevin v. Metz Construction Co., Inc., 285 So.2d 598 (Fla. 1973); Rose v. Town of Hillsboro Beach, 216 So.2d 258 (4 D.C.A. Fla., 1968); Union Trust Co. v. Lucas, 125 So.2d 582 (2 D.C.A. Fla., 1960); City of Miami v. Kayfetz, 92 So.2d 798 (Fla. 1957); and State v. Ehringer, 46 So.2d 601 (Fla. 1950).
I trust these comments will be of assistance to you in determining whether additional legislation is needed.
Prepared by:
Staff