779 So.2d 380 (2000)
LUTZ LAKE FERN ROAD NEIGHBORHOOD GROUPS, INC., et al., Appellants,
v.
HILLSBOROUGH COUNTY, Florida and School Board of Hillsborough County, Florida, Appellees.
No. 2D99-1980.
District Court of Appeal of Florida, Second District.
June 21, 2000.
*381 Marsha G. Rydberg of The Rydberg Law Firm, P.A., Tampa and James M. Landis of Foley & Lardner, Tampa, co-counsel for Appellants.
H. Ray Allen, II, Sr., Assistant County Attorney and Julia C. Mandell, Assistant County Attorney, Tampa, for Appellee, Hillsborough County.
Thomas M. Gonzalez and Arnold B. Corsmeier of Thompson, Sizemore & Gonzalez, P.A., Tampa and W. Crosby Few of Few & Ayala, P.A., Tampa, co-counsel for Appellee, School Board of Hillsborough County.
FULMER, Acting Chief Judge.
The sole issue presented by this appeal is whether a second amended complaint filed by a group of property owners ("Neighbors") against Hillsborough County ("County") and the School Board of Hillsborough County ("School Board") states a cause of action. The Neighbors are residents of an area bordering a tract of land which the School Board selected as the site for a new high school. We conclude that the complaint does state a cause of action and, therefore, reverse the trial court's order dismissing the complaint with prejudice.
Section 235.193, Florida Statutes (1997), requires that, before acquiring property for a high school, a school board and local government must coordinate to ensure that the proposed school site complies with the county's comprehensive plan and development regulations, and it specifies a procedure for such coordination. The statute also permits a school board and a local governing body to establish "an alternative process for reviewing a proposed educational facility and site plan, and offsite impacts." § 235.193(7). The County and the School Board elected to establish such alternative process by interlocal agreement. The interlocal agreement specifies that high schools are to be located in the County's "urban service area," as defined in the comprehensive plan. However, a site may be permitted outside the urban service area if it meets certain additional criteria.
The School Board submitted five proposed school sites to the County for a review and determination of consistency with the comprehensive plan and compliance with the Hillsborough County Land Development Code (LDC). In accordance *382 with the procedures set forth in the interlocal agreement, a land use hearing officer conducted a public hearing and rendered a written decision. Two of the sites were determined to be inconsistent with the comprehensive plan and not in compliance with the LDC. The remaining three sites, including the site at issue here, referred to as the Lutz Lake Fern Road site, were determined to be consistent with the comprehensive plan and in compliance with the LDC. The Lutz Lake Fern Road site is not located within the urban service area and, thus, is subject to additional criteria. The School Board considered the land use hearing officer's decision and, after public hearing, selected the Lutz Lake Fern Road site.
The Neighbors unsuccessfully attempted to appeal the decision of the land use hearing officer to the Board of County Commissioners, which was advised by the county attorney that the public had no right to appeal. The Neighbors filed a "Verified Complaint, or in the Alternative, Petition for Certiorari" in the circuit court on October 15, 1998, and an "Amended Verified Complaint, or in the Alternative, Petition for Certiorari" on October 16, 1998. The County and the School Board moved to dismiss the amended complaint. The trial court granted the motion, allowing the Neighbors the right to amend. On February 15, 1999, the Neighbors filed their "Second Amended Complaint, or in the Alternative, Petition for Certiorari or for Writ of Mandamus" against the County and the School Board. The Neighbors asserted taxpayer standing and alleged that they lacked an adequate legal remedy and that they were in doubt as to their rights and obligations under section 235.193 and chapter 163, Florida Statutes. They asserted that if a high school were located at the Lutz Lake Fern Road site, they would be irreparably injured by impairment of their property values and semi-rural life style, by excessive flooding, substantial traffic impacts, and by the creation of a substandard high school for their children.
In counts I, II and III, the Neighbors sought declaratory and injunctive relief pursuant to chapter 86, Florida Statutes (1997). Count I was directed against the School Board and asked the court to declare that the selection of the Lutz Lake Fern Road site violated the interlocal agreement and to enjoin the School Board from acquiring or developing the site for a high school. Count I also included a petition for writ of mandamus whereby the court was asked to require the County to declare the Lutz Lake Fern Road site incompatible with the interlocal agreement because it lies outside the urban service area.
Count II was directed against the County and asked the court to declare that the interlocal agreement contains an unconstitutional delegation of legislative authority and to enjoin the County and School Board from taking any further action toward the development of the site. Count III was directed against the County and School Board and asked the court to declare that the interlocal agreement contained an unconstitutional delegation of quasi-judicial authority and to enjoin the County and School Board from developing the Lutz Lake Fern Road site.
Count IV was an action pursuant to section 163.3215, Florida Statutes (1997),[1] in which the Neighbors asked the court to *383 declare the Lutz Lake Fern Road site inconsistent with the comprehensive plan and to enjoin the County and School Board from taking any further action toward development of the site.
The County and the School Board filed a joint motion to dismiss on the grounds that counts I, II and III failed to state a cause of action for declaratory and injunctive relief because the Neighbors did not have standing to enforce the interlocal agreement between the County and the School Board. They argued that neither section 235.193 nor the interlocal agreement allowed the Neighbors to bring a viable cause of action. The County and School Board also asserted that, as to count IV, the Neighbors failed to timely file their action pursuant to section 163.3215.
The trial court granted the motion to dismiss with prejudice. In its order, the trial court stated that the Neighbors had failed to state a cause of action in counts I, II and III, and had again failed to plead the elements required to support their prayer for declaratory and injunctive relief under chapter 86. As to count IV, the trial court dismissed the action as time-barred. The trial court dismissed the petition for writ of certiorari or for writ of mandamus on the basis that "[a] cause of action brought by third parties pursuant to section 163.3215, Florida Statutes, provides for a de novo trial only."
We first address the dismissal of counts I, II and III. When ruling on a motion to dismiss for failure to state a cause of action, a trial court must accept the allegations of a complaint as true and in the light most favorable to the plaintiffs. See Wilson v. News-Press Publ'g Co., 738 So.2d 1000, 1001 (Fla. 2d DCA 1999). Likewise, the appellate court must accept the facts alleged in a complaint as true when reviewing an order that determines the sufficiency of the complaint. See Sarkis v. Pafford Oil Co., 697 So.2d 524, 526 (Fla. 1st DCA 1997). Thus, we have confined our review to the allegations of the complaint and the trial court's order of dismissal. Because the question of whether a complaint states a cause of action is one of law, the standard of review is de novo. See id.
The declaratory judgment statute, section 86.021, provides:
Any person claiming to be interested or who may be in doubt about his or her rights under a deed, will, contract, or other article, memorandum, or instrument in writing or whose rights, status, or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance, contract, deed, will, franchise, or other article, memorandum, or instrument in writing may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance, contract, deed, will, franchise, or other article, memorandum, or instrument in writing, or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder.
"The test for sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." Platt v. General Dev. Corp., 122 So.2d 48, 50 (Fla. 2d DCA 1960).
In dismissing these counts for failure to state a cause of action, the trial court gave no explanation for its ruling other than its conclusion that the Neighbors failed to plead the elements required to support their prayers for declaratory and injunctive relief. The order does not identify the missing elements. Nor does the order expressly address the issue of standing.
Our review of the second amended complaint leads us to conclude that the allegations set forth in counts I, II and III state a cause of action under chapter 86. Our reversal on this issue in no way addresses the merits of the relief sought by the Neighbors. We reiterate that whether a plaintiff is likely to succeed in obtaining *384 the decree sought is not a factor that we consider in determining whether a complaint is sufficient to withstand a motion to dismiss.
Turning to count IV, we begin by repeating that in ruling on a motion to dismiss, the trial court must look only within the four corners of the complaint, accept the plaintiff's allegations as true, and resolve all inferences in the plaintiff's favor. See Wilson, 738 So.2d at 1001. In addition, a motion to dismiss should not be used as a substitute for a motion for summary judgment or a motion for judgment on the pleadings. See Lowery v. Lowery, 654 So.2d 1218, 1219 (Fla. 2d DCA 1995).
In its order dismissing count IV, the trial court made the following findings:
[T]he actions taken by the County and the School Board gave [the Neighbors] adequate notice of the alleged inconsistent action to afford [the Neighbors] the opportunity to utilize the thirty (30) day procedure set forth in section 163.3215(4), Florida Statutes. In addition, the Court finds that the actions taken by the County and the School Board constitute a "Development Order" as defined in section 163.3164(7), Florida Statutes. The Court finds that [the Neighbors] have failed to comply with the condition precedent set forth in section 163.3215(4), Florida Statutes. Consequently, [the Neighbors'] Second Amended Complaint is time-barred, this Court lacks jurisdiction to entertain Count IV of [the Neighbors'] Second Amended Complaint and it shall be dismissed with prejudice.
(Citations omitted). These findings of fact do not accept as true the allegations of the complaint. Thus, the trial court erred in making a finding, contrary to the allegations, that the actions taken constituted a development order.
Accordingly, we reverse the trial court's order of dismissal with prejudice and remand with directions that the second amended complaint be reinstated.
Reversed and remanded.
CASANUEVA and SALCINES, JJ., Concur.
NOTES
[1] Section 163.3215 provides, in relevant part:

(1) Any aggrieved or adversely affected party may maintain an action for injunctive or other relief against any local government to prevent such local government from taking any action on a development order, as defined in s. 163.3164, which materially alters the use or density or intensity of use on a particular piece of property that is not consistent with the comprehensive plan adopted under this part.
. . . .
(3)(b) Suit under this section shall be the sole action available to challenge the consistency of a development order with a comprehensive plan adopted under this part.