898 So.2d 1177 (2005)
Earl SMITH, Appellant,
v.
CITY OF FORT MYERS and Lee County, Appellees.
No. 2D04-3720.
District Court of Appeal of Florida, Second District.
April 6, 2005.
*1178 Steven Carta of Simpson, Henderson, Carta & Randolph, Fort Myers, for Appellant.
Harold N. Hume, Jr. and J. Matthew Belcastro of Henderson, Franklin, Starnes & Holt, Fort Myers, for Appellee City of Fort Myers.
Robert W. Gray, Lee County Attorney, and Thomas L. Wright, Assistant County Attorney, Fort Myers, for Appellee Lee County.
WHATLEY, Judge.
Earl Smith appeals a final order dismissing his amended complaint against the City of Fort Myers and Lee County with prejudice. Smith's complaint sought a declaratory decree that the City's approval of the transfer of certain property to the County violated both section 163.380, Florida Statutes (2003), and the City Code of the City of Fort Myers. We conclude that the trial court erred in dismissing the amended complaint with prejudice and reverse.
A trial court must accept a plaintiff's allegations as true and in a light most favorable to the plaintiff when ruling on a defendant's motion to dismiss for failure to state a cause of action. Lutz Lake Fern Rd. Neighborhood Groups, Inc. v. Hillsborough County, 779 So.2d 380, 383 (Fla. 2d DCA 2000). Furthermore, this court must accept the facts alleged in a complaint as true when reviewing such order on a motion to dismiss. Id. The standard of review is de novo. Id.
In determining the sufficiency of a complaint for declaratory judgment, the question is whether the plaintiff is entitled to a declaration of rights, not whether the plaintiff will prevail in obtaining the decree he or she seeks. Id. In Bell v. Associated Independents, Inc., 143 So.2d 904, 908 (Fla. 2d DCA 1962), this court held that a complaint for declaratory relief should allege that
there is a bona fide dispute between the parties and that the moving party has a justiciable question as to the existence or non-existence of some right, status, immunity, power or privilege, or as to some fact upon which the existence of such right, status, immunity, power or privilege does or may de [p]end, that plaintiff is in doubt as to the right, status, immunity, power or privilege, and that there is a bona fide, actual, present need for the declaration.
(Citations omitted).
Here, the complaint met these requirements. Smith alleged that a dispute existed between Smith and the City regarding whether the City complied with the notice provisions of section 163.380 and the city code, where such notice was required before the City had the right to transfer the property to the County. Smith further alleged that there is a need for the declaration in order to prevent the citizens of the City from suffering irreparable injury for which there is no adequate remedy at law. Because the allegations in the complaint state a cause of action for declaratory relief, the trial court erred in granting the motion to dismiss.
We do not express any opinion on the ultimate resolution of the case. We only hold that the allegations of the complaint are sufficient to state a cause of action for declaratory relief. The order dismissing the amended complaint is reversed and the cause is remanded for further proceedings.
Reversed and remanded.
ALTENBERND, C.J., and CASANUEVA, J., Concur.