28 So.3d 191 (2010)
Christian N. ZARRA; Genesis One, LLC; and Lee Alexander, on behalf of themselves and all others similarly situated, Appellants,
v.
Ken BURKE, Clerk of the Circuit Court for Pinellas County, Florida, and as representative of all other Florida clerks of the circuit courts similarly situated, Appellee.
No. 2D09-1181.
District Court of Appeal of Florida, Second District.
February 24, 2010.
Andra T. Dreyfus and Morten B. Christoffersen of Andra Todd Dreyfus, P.A., Clearwater; and F. Wallace Pope, Jr., and Kimberly L. Sharpe of Johnson, Pope, Bokor, Ruppel & Burns, LLP, Clearwater, for Appellants.
Barry Richard and Glenn T. Burhans, Jr., of Greenberg Traurig, P.A., Tallahassee, for Appellee.
PER CURIAM.
Appellant Christian N. Zarra filed a class action complaint seeking a declaratory judgment regarding the clerk of court's authority to charge a reopen fee for cases previously reported as disposed of. The complaint also sought a refund of the disputed fees. Zarra made three attempts to amend the complaint to overcome pleading deficiencies. Because the second amended complaint failed to cure the deficiencies, the trial court dismissed the complaint with prejudice and, thus, did not address the underlying challenge to the reopen fee. Therefore, the only issue before this court, for de novo review, is whether the complaint *192 states a cause of action. See Lutz Lake Fern Rd. Neighborhood Groups, Inc. v. Hillsborough County, 779 So.2d 380 (Fla. 2d DCA 2000). In a lengthy order, the trial court noted the pleading deficiencies and explained its reasoning for dismissal. We agree with the trial court's ruling and, therefore, affirm.
LaROSE, J., and FULMER, CAROLYN K., Senior Judge, Concur.
VILLANTI, J., Concurs specially with opinion.
VILLANTI, J., Concurring specially.
Once again,[1] the issue sought to be raised is the proper interpretation of sections 28.241(1)(b) and 34.041(2), Florida Statutes (2008), which allow the clerk of the court to set and charge a fee for reopening a civil action that has been "previously reported as disposed of." The problem is that the term "previously reported as disposed of" is not defined by either statute. Given the lack of a definition, the clerk has defined the term "disposed of" based on the definition of "disposition" contained in the Summary Reporting System Manual (SRS Manual). That manual was created by the Office of the State Court Administrator pursuant to section 25.075, Florida Statutes (2008), to measure judicial workload. The definition of "disposition" contained therein was not intended to apply in the context of section 28.241(1)(b) to establish fees payable to the clerk of court for filings in circuit court cases.
In this case, based on the SRS Manual's definition, the clerk charged the appellants multiple reopening fees. The appellants alleged that these fees were improperly assessed in cases which should have never been closed or deemed "disposed of," and they filed a class action complaint requesting, inter alia, declaratory relief. Specifically, they asked the circuit court to determine the proper definition of the term "disposed of" under sections 28.241(1)(b) and 34.041(2).
In its order granting the clerk's motion to dismiss the second amended complaint, the trial court noted that it did not "doubt there have been instances of abuse in the imposition of the statutorily authorized [reopening] fees that are the subject of this action." In fact, there is at least one case in which the reopening fee was found improper. See Burke v. Esposito, 972 So.2d 1024 (Fla. 2d DCA 2008) (denying petition for certiorari review where the clerk had been ordered to refund a $50 reopening fee). Based on this history, one wonders why a public service office such as the clerk's has not worked with reasonable dispatch to formulate appropriate guidelines and thereby ensure public confidence in its assessment of reopening fees. Unfortunately, neither the Florida Association of Court Clerks & Comptrollers nor the local clerk of court has revised the definition of "disposed of" utilized by the clerk to address concerns that reopening fees are being assessed in cases which "from any reasonable perspective" should not have been "closed" or should not have been charged multiple fees. See id. at 1025.
In Esposito, Judge Altenbernd's concurring opinion aptly noted the need for a more appropriate definition for the term "disposed of." 972 So.2d at 1029. I endorse his views of the two potential means to achieve this resultlegislatively and judicially. Naturally, a definition created by *193 the legislature would be the preferred method because it would be the quickest and most efficient means to uniformly address this issue, given the varied legal and policy concerns which would need to be considered in crafting an appropriate definition. Those considerations are best served if fleshed out in a friendly legislative committee rather than in adversarial trial proceedings, such as might be available in county court on a case-by-case basis.[2]
In conclusion, in my view, charging a "reopening fee" is not, on its face, an unreasonable concept. It is the manner, in certain instances, in which that fee is being assessed that has come under attack. Thus, as this case shows, public confidence will not be restored regarding the assessment of reopening fees until uniform and reasonable guidelines are established independently of the SRS Manual.
NOTES
[1] This issue was previously raised in a petition for writ of certiorari in Burke v. Esposito, 972 So.2d 1024 (Fla. 2d DCA 2008).
[2] As this case demonstrates, attempting to establish a plaintiff and a defendant class in a declaratory setting will, in most instances, be difficult if not impossible to do.