CRENSHAW, Judge.
Angelo’s Aggregate Materials, Ltd. (Angelo’s) appeals the dismissal of its suit for declaratory relief against Pasco County and its zoning administrator, Debra Zam-petti (together the County). In the two-count complaint, Angelo’s sought a declaration of its vested rights under the prior land use regulation and a declaration that certain portions of the County’s Land Development Code (LDC) were unconstitutional. Because the circuit court erred in dismissing the complaint for failure to state a claim for relief and to exhaust administrative remedies based on county ordinances, we reverse.
Factual Background[1]
Angelo’s requested a conditional use permit from Pasco County in order to build a landfill adjacent to another landfill Angelo’s operates. At the time of the application, the County’s comprehensive plan denominated the relevant future land use as “AG/R” with an “A-C zoning dis *973 trict,” which only required a conditional use permit for a landfill such as the one Angelo’s sought to construct. Angelo’s, based on communications with the County, also requested permits from the Florida Department of Environmental Protection. The Department required studies and filing fees of its own in addition to the resources Angelo’s expended in working with the County.
In 2009, the county attorney advised the Board of County Commissioners that county staff determined that a comprehensive plan future land use map amendment to a “P/SP” designation would be required for Angelo’s landfill.[2] The prospect of an unexpected requirement for a comprehensive plan amendment upset Angelo’s expectations, as seeking such an amendment would require significantly more time and resources than a conditional use permit, and logically would extirpate Angelo’s investment in the permit. Subsequently, the County unanimously adopted the proposed changes over Angelo’s objections. The County then placed Angelo’s conditional use permit application on hold until there was a land use change to “P/SP.” The County has rejected Angelo’s appeals to the County placing the application “on hold.”
Angelo’s then brought a declaratory judgment action against Pasco County in circuit court in order to determine if Angelo’s had vested rights in having its application considered under the comprehensive plan in effect as of the time of the application for the conditional use permit. Relying on the LDC, the circuit court dismissed the count for “equitable estop-pel/vested rights” for Angelo’s failure to exhaust its administrative remedies.[3] The circuit court dismissed Angelo’s claim that provisions of the LDC were unconstitutional for failing to state a cause of action. Angelo’s appeals, raising various constitutional challenges to the circuit court’s dismissal of its case.
“[Ajdhering ‘to the settled principle of constitutional law that courts should endeavor to implement the legislative intent of statutes and avoid constitutional issues,’ ” we need not discuss Angelo’s constitutional arguments in depth because our resolution of this dispute does not require it. State v. Boyd, 846 So.2d 458, 459-60 (Fla.2003) (quoting State v. Mozo, 655 So.2d 1115, 1117 (Fla.1995)). The cause of action before the circuit court was for declaratory relief pursuant to chapter 86, Florida Statutes. We note that the Declaratory Judgment Act[4] specifically calls for its liberal construction, § 86.101, Fla. Stat. (2011), and dictates that the availability of another remedy does not preclude a declaratory judgment. § 86.111, Fla. Stat. Thus we are called upon to decide whether the circuit court could hear the case for a declaratory action.

Legal Framework

This court has previously addressed the standard of review on a motion to dismiss in an action for a declaratory judgment:
*974 When ruling on a motion to dismiss for failure to state a cause of action, the trial court must accept the material allegations as true and is bound to a consideration of the allegations found within the four corners of the complaint. Thus, the question of whether a complaint states a cause of action is one of law and the standard of review is de novo.
A complaint for declaratory judgment should not be dismissed if the plaintiff established the existence of a justiciable controversy cognizable under the Declaratory Judgment Act, chapter 86, Florida Statutes (2007).
Murphy v. Bay Colony Prop. Owners Ass’n, 12 So.3d 924, 926 (Fla. 2d DCA 2009) (citations omitted).[5] Specifically, the complaint must allege that
there is a bona fide dispute between the parties and that the moving party has a justiciable question as to the existence or non-existence of some right[ or] status, ... or as to some fact upon which the existence of such right[ or] status ... does or may de[p]end, that plaintiff is in doubt as to the right [or] status, ... and that there is a bona fide, actual, present need for the declaration.
Smith v. City of Fort Myers, 898 So.2d 1177, 1178 (Fla. 2d DCA 2005) (emphases added) (quoting Bell v. Associated Indeps., Inc., 143 So.2d 904, 908 (Fla. 2d DCA 1962)). Where a complaint for declaratory action meets these requirements it should not be dismissed for failure to state a cause of action. Id.; see also Murphy, 12 So.3d at 926.
In determining why this case is appropriate for declaratory relief, a historical account is instructive. The first supreme court case that fully considered the Declaratory Judgment Act states:
Viewed in its proper perspective, the ... Act is nothing more than a legislative attempt to extend procedural remedies to comprehend relief in cases where technical or social advances have tended to obscure or place in doubt one’s rights, immunities, status or privileges. It should be construed with this objective in view.... There is no reason whatever why the highway to justice should be strewn with hurdles and pitfalls that make one who secures it wonder if the “game is worth the candle.”
Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808, 809 (1946). Justice Brown agreed:
I was impressed with the apparently almost unlimited scope of the [A]ct, and was reminded of the words of one of Shakespeare’s characters who said: “Give me a charter as wide as the wind, to blow on whom I please.” [sic] However, upon further study of the statute I became convinced of its usefulness if properly construed....
Id. at 810 (Brown, J., concurring specially). We determine that the complaint stated a facially sufficient claim for declaratory relief, and if that were the only question, it would end the matter. In this case, Angelo’s has a dispute with the County over which legal framework applies to its permit for a landfill. Angelo’s seeks a determination whether it has a vested right to proceed merely with a conditional use permit or whether the subsequent changes to the LDC, requiring a comprehensive plan land use amendment, apply. Without such a determination, Angelo’s must risk having made a significant investment in seeking the conditional use permit only to learn the expense was wasted by the need for a comprehensive plan amendment. For these reasons, and because the determination is a complex one, we conclude that this case is a quintessential one for declaratory relief.

*975
The Ordinance Does Not Govern This Action

We must also determine whether the circuit court was bound to apply the County’s ordinance in this case. For the reasons that follow, we conclude it was not.
The ordinance governing vested rights determinations reads in pertinent part, “[t]he criteria and procedures set forth in this section are an administrative remedy that shall be exhausted: (a) pri- or to filing any claim or action against the county, for damages or injunctive relief .... ” Pasco County, Fla., Land Development Code § 109.1 (2011) (emphasis added). Angelo’s argues this provision conflicts with the circuit courts’ original, exclusive jurisdiction over cases in equity, pursuant to section 26.012(2)(c), Florida Statutes (2011), a general law.[6] However, we construe the ordinance to apply only to damages and injunctions and not to declaratory actions, because of its plain language and because the ordinance must be construed in harmony with general law in order to preserve its constitutionality.
Municipal ordinances are subject to the same rules of construction as are state statutes. Rose v. Town of Hillsboro Beach, 216 So.2d 258 (Fla. 4th DCA 1968). Rose also stands for the substantive proposition that courts ... must give to a statute (or ordinance) the plain and ordinary meaning of the words employed by the legislative body (here the City Council).
Rinker Materials Corp. v. City of N. Miami, 286 So.2d 552, 553-54 (Fla.1973) (citation omitted). Noncharter counties, like charter counties, are endowed with broad home rule powers. See art. VIII, § 1(f), Fla. Const; § 125.011(1), Fla. Stat. (2011). However, the same provision of our constitution allowing for county home rule also circumscribes that home rule power by limiting the counties’ authority to enact ordinances to those that do not conflict with general law. Art. VIII, § 1(f), Fla. Const.; § 125.01(1)00, Fla. Stat. (“The ... county shall have the power to carry on county government. To the extent not inconsistent with general or special law, this power includes, but is not restricted to: ... [e]stablish[ing], coordinating], and enforcing] zoning .... ” (emphasis added)).[7] With this limitation in mind, we hold that when construing a county ordinance, we must do so in such a way so as not to conflict with general law in order to preserve the ordinance. See Fla. Dep’t of Revenue v. City of Gainesville, 918 So.2d 250, 256 (Fla.2005) (applying the same rationale to a statute).
To the extent the ordinance attempts to prevent a circuit court from granting relief attending its declaratory judgment, the ordinance would conflict with various general laws, rendering it unconstitutional. See Shands Teaching Hosp. & Clinics, Inc. v. Mercury Ins. Co., 97 So.3d 204, 211 (Fla. *976 2012). Section 26.012, Florida Statutes, vests exclusive, original jurisdiction of both actions at law (not cognizable in county courts) and cases in equity in the circuit courts. § 26.012(2)(a), (c), Fla. Stat.; Haueter-Herranz v. Romero, 975 So.2d 511, 514 (Fla. 2d DCA 2008) (discussing the amount-in-controversy element of circuit courts’ law jurisdiction); Terex Trailer Corp. v. McIlwain, 579 So.2d 237, 241 (Fla. 1st DCA 1991) (discussing circuit courts’ equity jurisdiction). And of course the Declaratory Judgment Act itself confers jurisdiction in the circuit court which the County cannot contravene. See § 86.011, Fla. Stat.; see also Dep’t of Revenue v. Univ. Square, Inc., 336 So.2d 371 (citing § 26.012, Fla. Stat., and stating “circuit courts retain jurisdiction to determine ... assessments by way of declaratory judgment actions”).[8]
Therefore, in order to avoid a constitutional quandary, we construe the ordinance not to encompass declaratory relief under chapter 86. Angelo’s filed a claim for declaratory relief pursuant to section 86.011, and therefore the requirement for exhaustion of administrative remedies in the ordinance is inapplicable to this case.

Conclusion

We determine that the trial court erred by dismissing Angelo’s claim as barred by the ordinance’s administrative remedies exhaustion requirement. Accordingly, there was nothing preventing the court from exercising its power to issue a declaratory judgment.
Reversed and remanded.
WALLACE, J., Concurs.
ALTENBERND, J., Concurs specially.

. The background is taken from the second amended complaint, and we construe the facts in the light most favorable to Angelo's as the nonmovant. See Smith v. City of Fort Myers, 898 So.2d 1177, 1178 (Fla. 2d DCA 2005).

. We note that the County’s Land Development Code was significantly revised effective January 1, 2012. The record does not reflect the relationship, if any, between the rewrite and the County staff’s determination regarding the "P/SP” designation.

. We observe that, in Florida, "equitable es-toppel is a defensive doctrine rather than a cause of action.” Meyer v. Meyer, 25 So.3d 39, 43 (Fla. 2d DCA 2009) (quoting Agency for Health Care Admin. v. MIED, Inc., 869 So.2d 13, 20 (Fla. 1st DCA 2004)).

.See generally ch. 86, Fla. Stat. (2011). The law creating the Act only refers to the Act as such in its preamble, and there is therefore no reference to the "Declaratory Judgment Act” in the Florida statutes. Ch. 21820, Laws of Fla. (1943).

. The Act has not since been amended.

. A general law is one that “operates universally throughout the state, uniformly upon subjects as they may exist throughout the state, or uniformly within a permissible classification." Dep't of Bus. Regulation v. Classic Mile, Inc., 541 So.2d 1155, 1157 (Fla.1989). A special law, in Florida, includes local laws. Art. X, § 12(g), Fla. Const. A special law "is one relating to, or designed to operate upon, particular persons or things ... [A] local law is one relating to, or designed to operate only in, a specifically indicated part of the State....” Classic Mile, 541 So.2d at 1157 (quoting State ex rel. Landis v. Harris, 120 Fla. 555, 163 So. 237, 240 (1934)).

. The fact that Pasco County is a noncharter county rather than a charter county does not affect this case. The constitution makes no distinction between charter and noncharter counties’ powers regarding general laws, only special laws. Compare art. VIII, § 1(f), Fla. Const., with art. VIII § 1(g), Fla. Const.

. Under section 86.011, the circuit courts are vested with jurisdiction over declaratory judgments, but it is concurrent with the county courts' jurisdiction “within their respective jurisdictional amounts.”