DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID LEVY,**
Appellant,

v.

**CARL W. WOODS,**
Appellee.

CASE NO. 4D16-1873

**PATRICIA SNIDER,** in her capacity as City Clerk of Palm Beach Gardens, Florida, **CITY OF PALM BEACH GARDENS** and **CITY OF PALM BEACH GARDENS ELECTIONS CANVASSING BOARD,**
Appellants,

v.

**CARL W. WOODS,**
Appellee.

CASE NO. 4D16-1894

**SID DINERSTEIN,**
Appellant,

v.

**SUSAN BUCHER,** in her official capacity as Supervisor of Elections of Palm Beach County, et al,
Appellee.

CASE NO. 4D16-1910

[June 24, 2016]

Consolidated appeals and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Martin H. Colin, Judge; L.T. Case Nos. 2016CA002975 and 2016CA003353.

John R. Whittles of Mathison Whittles, LLC, West Palm Beach, for David Levy.

R. Max Lohman and Abigail F. Jorandby of Lohman Law Group, P.A., Jupiter, for Patricia Snider, City of Palm Beach Gardens and City of Palm Beach Gardens Elections Canvassing Board.

Andrew J. Baumann of Lewis Longman & Walker, P.A., West Palm Beach, for Susan Bucher, in her capacity as Palm Beach County Supervisor of Elections.

Brian W. Smith of Smith & Vanture, LLP, West Palm Beach, for Carl W. Woods.

James D'Loughy of Advisorlaw, PLLC, Palm Beach Gardens, for Sid Dinerstein.

PER CURIAM.

These are consolidated appeals and a cross-appeal from a final judgment which declared candidate David Levy eligible to be re-elected to the Palm Beach Gardens City Council for the term commencing in March 2016.[1] The judgment also set aside the results of the March 2016 election, in which Levy was declared the winner, and ordered a runoff election to be held between Levy and another candidate, Carl Woods.

Multiple issues were raised. We find merit in the argument that the trial court erred in declaring Levy eligible to be re-elected to the Council for the March 2016 term. We therefore reverse the portion of the

---

[1] David Levy first appealed the judgment as to section C in case number 4D16-1873. Carl Woods cross-appealed as to section B. Patricia Snider, the City Clerk of Palm Beach Gardens; the City of Palm Beach Gardens; and the City of Palm Beach Gardens Canvassing Board (collectively, the "City") appealed the judgment as to section C in case number 4D16-1894. Sid Dinerstein, a voter, appealed the judgment as to section B in case number 4D16-1910. This court consolidated all three cases.

judgment that declared Levy eligible.  Our holding renders the remaining arguments moot.

**Facts**

Levy was first elected to the Council for the City of Palm Beach Gardens Group 4 in March 2004 and served uninterrupted until March 2007.  He was re-elected to a second term in March 2007, and served uninterrupted until March 2010.  He was re-elected to a third term in March 2010.

During that term, Levy resigned from the Council to seek election to another position, but was unsuccessful.  He was then re-elected to the Council for a fourth term in March 2013, and served uninterrupted until March 2016.  He sought re-election in March 2016.

On November 4, 2014, during Levy's fourth term, the voters of the City of Palm Beach Gardens passed Resolution No. 48.2014 ("amendment"), which amended Part I, Article IV of the City Charter. The resolution added term limits to section 4-1.

> No individual shall be elected to the office of council member for more than two (2) consecutive full terms.  Service in a term of office which commenced prior to the effective date of any term limit enacted on council members will be credited against any term limitation approved by the Palm Beach Gardens' electorate.

Prior to the enactment of Resolution No. 48.2014, no term limits existed for council members.

The election was held on March 15, 2016, and on March 22, 2016, the City Clerk declared Levy the winner and elected to the Council, Group 4. Sid Dinerstein, a registered voter and qualified elector, and Carl Woods, another candidate, timely filed actions challenging Levy's election.  They sought relief through section 102.168, Florida Statutes, which provides for election contests, and through section 86.011, Florida Statutes, which provides for declaratory relief.

Dinerstein and Woods argued that Levy was ineligible to seek re-election in March 2016 because the amendment to section 4-1 imposed term limits of two consecutive full terms, and credited Levy's four prior consecutive full terms against those term limits. Levy countered that the

amendment only credited his fourth, most recent term against section 4-1's term limits.

The trial court agreed with Levy, concluding that the words "service in *a* term of office which commenced prior to the effective date" means that service only in *the single* term of office a councilmember was serving when the amendment was enacted is credited against the term limit. The trial court thus concluded that only Levy's fourth term counted against the term limit, and Levy was therefore eligible to seek re-election in 2016.

Woods and Dinerstein appeal from the trial court's declaration of Levy's eligibility, arguing, as they did below, that all four of Levy's prior terms are credited against the term limit. We agree and reverse.

## Analysis

As the issue on appeal is one of statutory interpretation, the standard of review is de novo. *Cobb v. Thurman*, 957 So. 2d 638, 642 (Fla. 1st DCA 2006).

"Municipal ordinances are subject to the same rules of construction as state statutes." *Angelo's Aggregate Materials, Ltd. v. Pasco Cty.*, 118 So. 3d 971, 975 (Fla. 2d DCA 2013) (citation omitted). "The plain meaning of the statute is always the starting point in statutory interpretation." *GTC, Inc. v. Edgar*, 967 So. 2d 781, 785 (Fla. 2007). "'[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.'" *Id.* (quoting *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984)).

The language of the amendment to section 4-1 is clear and unambiguous. The amendment credits all four of Levy's prior terms against the term limitation. Each of Levy's four prior terms constitutes "a term of office which commenced prior to the effective date of any term limitation." Levy served in ***a term of office*** which commenced in March 2004, ***a term of office*** which commenced in March 2007, ***a term of office*** which commenced in March 2010, and ***a term of office*** which commenced in March 2013. All of these terms commenced prior to the effective date of the amendment. We therefore hold that Levy was ineligible to run for City Council for the March 2016 term, pursuant to the amendment.

## Conclusion

We reverse section B.2. of the judgment, in which the trial court found Levy eligible for re-election. We remand the case to the trial court for further proceedings consistent with this opinion and section 102.1682, Florida Statutes (2016).

*Reversed and Remanded.*

*No motions for rehearing will be entertained.*

CIKLIN, C.J., MAY and CONNER, JJ., concur.

* * *