NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TRAFALGAR WOODS HOMEOWNERS )
ASSOCIATION, INC.,                                )
                                                              )
                    Appellant,                          )
                                                              )
v.                                                            )         Case No. 2D17-1349
                                                              )
THE CITY OF CAPE CORAL,                    )
FLORIDA,                                                  )
                                                              )
                    Appellee.                            )
_____ )

Opinion filed June 8, 2018.

Appeal from the Circuit Court for Lee
County; Elizabeth V. Krier, Judge.

W. Gus Belcher, II, of Belcher &
Epstein, P.A., Fort Myers, for Appellant.

Dolores D. Menendez, City Attorney,
and Steven D. Griffin, Assistant City
Attorney, Cape Coral, for Appellee.


NORTHCUTT, Judge.

The Trafalgar Woods Homeowners Association, Inc., sued the City of

Cape Coral in a dispute over credits against special assessments for irrigation water.

The circuit court posited that the Trafalgar Woods planned development ordinance

provided for the award of irrigation credits only to the project developer, and it dismissed

the homeowners' action with prejudice.  We reverse because the court misinterpreted

the ordinance.

The city approved the planned Trafalgar Woods project in 1992 by adopting Ordinance 88-92.  Section III(G)(5) of the ordinance provides:

> The developer shall receive a credit for the installation of irrigation lines throughout the project.  The credit shall reduce any proposed special assessment when irrigation water becomes available from the City of Cape Coral.  The credit shall be applied against any special assessment to be levied against individual lots in the development.  Property owners will only be assessed for "off site" improvements such as transmission mains and pumping stations.

In 2016 the homeowners' association filed a complaint against Cape Coral for declaratory judgment, promissory estoppel, and breach of contract.  It recounted that although the city had not yet provided irrigation water when Trafalgar Woods was built, the developer had installed on-site irrigation systems and appurtenances as contemplated in the development ordinance.  Then, between 1993 and 1995, the developer turned over control of the community to the homeowners pursuant to the subdivision by-laws.  Ultimately, the city's irrigation water system was made available to the development.  The homeowners' complaint alleged that the parties were in a dispute over the valuation of the credits against special assessments associated with municipal irrigation water.

Cape Coral moved to dismiss, arguing among other things that the homeowners have no claim to the credit.  The city based this assertion on the interplay between the above-quoted section III(G)(5) of the development ordinance and section IV(B).  The latter states:

> This Development Order shall be binding on the developer and its heirs, assignees, or successors in interest.  Those portions of this Development Order which clearly apply only

> to the project developer, shall not be construed to be binding upon future owners of the project lots. It shall be binding upon any builder/developer who acquires any tract of land within the Trafalgar Woods Subdivision.

The city maintained that the first sentence of section III(G)(5) clearly indicates that only the developer may receive a credit for the irrigation improvements and argued that section IV(B) therefore "specifically excludes any such right for the benefit of a lot owner." The circuit court agreed, holding in its order of dismissal that "[a]s a matter of law . . . in accordance with Section IV(B) of . . . Ordinance 88-92, the Irrigation Water Special Assessment Credit referenced in Section III(G)(5) clearly applies only to the Developer of the Trafalgar Woods . . . ."

We review the dismissal of the homeowners' action de novo. Ruiz v. Brink's Home Sec., Inc., 777 So. 2d 1062, 1064 (Fla. 2d DCA 2001). On a motion to dismiss, the court's consideration is confined to the four corners of the complaint; it accepts all of the plaintiff's allegations as true and draws every reasonable inference arising from those allegations in favor of the plaintiff. Green v. Cottrell, 204 So. 3d 22, 30-31 (Fla. 2016). For purposes of the motion, all facts properly pleaded are deemed admitted. Fearick v. Smugglers Cove, Inc., 379 So. 2d 400, 402 (Fla. 2d DCA 1980).

The issue before the circuit court was whether under section IV(B) the credit provided in section III(G)(5) inured only to the benefit of the developer or whether it extends as well to the developer's successors in interest. When resolving this question, the court mistakenly relied solely on the first sentence of section III(G)(5). To be sure, in isolation that sentence describes only a credit to the developer. But under a longstanding fundamental principle applicable to statutes and ordinances, "words, phrases, clauses, sentences and paragraphs of a statute may not be construed in

- 3 -

isolation[.]" <u>Weitzel v. State</u>, 306 So. 2d 188, 192 (Fla. 1st DCA 1974).  Rather, the sentence must be read in the context of the entire provision.  <u>Id.</u>; <u>see also</u> <u>Fla. Dep't of Envtl. Prot. v. ContractPoint Florida Parks, LLC</u>, 986 So. 2d 1260, 1265 (Fla. 2008) (stating that every statute must be read as a whole with meaning ascribed to every portion and due regard given to the semantic and contextual interrelationship between its parts); <u>Angelo's Aggregate Materials, Ltd. v. Pasco County</u>, 118 So. 3d 971, 975 (Fla. 2d DCA 2013) (observing that ordinances are subject to the rules of construction applicable to statutes).

Thus, under section III(G)(5) the credit is to reduce <u>any</u> proposed special assessment <u>when irrigation water becomes available</u>.  The credit is to apply to special assessments levied against <u>individual lots</u>.  And <u>property owners</u> are to be assessed only for off-site improvements.  In context, then, the credit referred to in section III(G)(5) does not "clearly apply only to the project developer."  It applies as well to the property owners of the individual lots.  At the very least, section III(G)(5) cannot form the basis for dismissal of the homeowners' association's complaint.

Accordingly, we reverse the order dismissing the action and remand for further proceedings consistent with this opinion.

Reversed and remanded.

CRENSHAW and SALARIO, JJ., Concur.

- 4 -