# Supreme Court of Florida

_____

No. SC19-24
_____

**RONALD J. RICHARDS,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

January 16, 2020

PER CURIAM.

Ronald J. Richards seeks review of the decision of the Fifth District Court of Appeal in *Richards v. State*, 258 So. 3d 576 (Fla. 5th DCA 2018). We exercised our jurisdiction on the grounds that *Richards* expressly and directly conflicts with the First District Court of Appeal's decision in *Thomas v. State*, 236 So. 3d 1159 (Fla. 1st DCA 2018), and the Fourth District Court of Appeal's decision in *Chambers v. State*, 217 So. 3d 210 (Fla. 4th DCA 2017), on the issue of whether the State, on remand, can request investigative costs pursuant to section 938.27(1), Florida Statutes (2019). We have jurisdiction. *See* art. V, § 3(b)(3), Fla. Const.

For the reasons below, we quash *Richards* and approve *Thomas* and *Chambers* to the extent they are consistent with this opinion.

Richards pleaded nolo contendere to one count of grand theft. The trial court accepted Richards' plea and entered a judgment ordering him, among other things, to pay $150 in investigative costs to the Daytona Beach Shores Police Department. At no point before the trial court entered the judgment did the State request that investigative costs be imposed on Richards. Following the judgment, Richards moved to correct his sentence, arguing that the trial court could not impose investigative costs because the State had not requested them, as required by section 938.27(1). The trial court denied his motion, and Richards appealed.

In a brief opinion, the Fifth District reversed the trial court's decision. *Richards*, 258 So. 3d at 576. The Fifth District agreed with Richards and held "that the trial court erred in imposing costs of investigation in the absence of a request from the State or any evidence from the investigating agency." *Id.* The Fifth District remanded the case "for the trial court to strike these costs from the judgment" but concluded "that the State should be given the opportunity to request the imposition of investigative costs." *Id.* Richards seeks review of the Fifth District's instruction on remand.

Because the issue in this case ultimately turns on the interpretation of a statute, we review it de novo. *City of Parker v. State*, 992 So. 2d 171, 175-76 (Fla. 2008).

Section 938.27(1) requires that the State request investigative costs before a trial court can impose them:

> In all criminal and violation-of-probation or community-control cases, *convicted persons are liable for payment of the costs of prosecution, including investigative costs incurred by law enforcement agencies, . . . if requested by such agencies.* The court shall include these costs in every judgment rendered against the convicted person. For purposes of this section, "convicted" means a determination of guilt, or of violation of probation or community control, which is a result of a plea, trial, or violation proceeding, regardless of whether adjudication is withheld.

(Emphasis added.) Richards suggests that the State had ample opportunity during the trial court proceedings to request investigative costs and should not now get a do-over. We agree. Generally, a party does not get the proverbial "second bite at the apple" when it fails to satisfy a legal obligation the first time around. *See Jackson v. State*, 983 So. 2d 562, 573 (Fla. 2008) ("[Rule 3.800(b)] was not intended to give a defendant a 'second bite at the apple' to contest evidentiary rulings made at sentencing to which the defendant could have objected but chose not to do so." (quoting *Griffin v. State*, 946 So. 2d 610, 613 (Fla. 2d DCA 2007))); *Boatman v. State*, 39 So. 3d 391, 395 (Fla. 1st DCA 2010) ("The purpose of the thirty-day deadline is to minimize pretrial detention by requiring commitment trials

to be held promptly, not to give [the State] a proverbial 'second bite at the apple.' "); *State v. Justo*, 555 So. 2d 893, 895 (Fla. 3d DCA 1990) (Schwartz, J., dissenting) ("[T]his is unfairly contrary to the most basic rule of appellate review, which requires the preservation of and insistence upon error below and which indeed exists specifically to preclude any such second bite at the legal apple . . . ."). In this case, the State had the opportunity to request these costs during the trial court proceedings but chose not to. This was the State's first bite, as nothing in those proceedings prevented the State from making the request. On appeal, the Fifth District acknowledged the State's failure to request these costs but nonetheless afforded it another opportunity to request these costs on remand. *See Richards*, 258 So. 3d at 576. By doing so, the Fifth District granted the State the forbidden second bite at satisfying the statute's requirements. On this basis, we conclude that the Fifth District's instructions were erroneous.

The State maintains that the Fifth District's instructions were correct because section 938.27(1) places no limits on the timing of a request for investigative costs. We disagree.

We find the statute's language to be clear and unambiguous, and we apply it is as written. *See McCloud v. State*, 260 So. 3d 911, 914 (Fla. 2018). The first sentence of the statute articulates the conditions that the State must satisfy before a defendant becomes liable for investigative costs: the defendant must be convicted

of a crime, and the State must request these costs. § 938.27(1), Fla. Stat. (2019) ("[C]onvicted persons are liable for payment of the costs of prosecution, including investigative costs incurred by law enforcement agencies, . . . if requested by such agencies."). The second sentence further provides that the trial court "shall" impose "these costs in every judgment rendered against the convicted person." *Id.* We must consider these two sentences together to determine the statute's meaning. *See Halifax Hosp. Med. Ctr. v. State*, 278 So. 3d 545, 548 (Fla. 2019) ("[U]nder a longstanding fundamental principle applicable to statutes and ordinances, 'words, phrases, clauses, sentences and paragraphs of a statute may not be construed in isolation[.]' Rather, the sentence must be read in the context of the entire provision." (alterations in original) (quoting *Trafalgar Woods Homeowners Ass'n, Inc. v. City of Cape Coral*, 248 So. 3d 282, 284 (Fla. 2d DCA 2018))). If under the first sentence the State must request investigative costs to make a defendant liable for those costs, and if under the second sentence the requested costs must be "include[d] . . . in every judgment rendered," § 938.27(1), Fla. Stat., then it follows that the State's request must occur before the judgment is rendered. Here, the State failed to request investigative costs before the trial court pronounced sentence and entered Richards' judgment. On appeal, the Fifth District remanded the case and instructed the trial court to strike only the portion of Richards' judgment imposing investigative costs. Because any future request by the State would occur after

Richards' currently enforceable judgment that imposed his sentence, the State's opportunity to request investigative costs has passed.

We therefore quash *Richards*, approve *Thomas* and *Chambers* to the extent they are consistent with this opinion, and remand to the Fifth District for further proceedings consistent with this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Fifth District - Case No. 5D17-2704

(Volusia County)

James S. Purdy, Public Defender, and Matthew Funderbunk, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida,

for Petitioner

Ashley Moody, Attorney General, Tallahassee, Florida, Wesley Heidt, Bureau Chief, and L. Charlene Matthews, Assistant Attorney General, Daytona Beach, Florida,

for Respondent